## KING *v.* PANTHER LUMBER COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF WEST VIRGINIA.

No. 240. Argued April 28, 1898. — Decided May 31, 1898.

*King* v. *Mullins, ante,* 404, followed.

THE case is stated in the opinion.

*Mr. Maynard F. Stiles* for appellant.

No appearance for appellee.

MR. JUSTICE HARLAN delivered the opinion of the court.

This was a suit in equity by the appellant, a citizen of New York, against the appellee, a corporation of West Virginia, and one Kroll, a citizen of the latter State. Its object was to obtain a decree enjoining the defendant from cutting and removing timber from a certain tract of land in West Virginia, of which the plaintiff King claimed to be the owner.

The defendant corporation denied the plaintiff's ownership of the land, and asserted title in itself.

The land in dispute is a part of a tract purporting to contain 500,000 acres, and which was patented in 1793 by the Commonwealth of Virginia to Robert Morris, assignee of Wilson Cary Nicholas. It is the same patent which is referred to in the opinion in *King* v. *Mullins*, just decided, *ante*, 404.

It appeared from the pleadings and exhibits in the cause that the lands in controversy were not entered upon the proper land books for taxation or charged with taxes for any year from 1883 to 1895, inclusive.

The final order in the cause was in these words: "It having been held by this court in the case of *H. C. King* v. *M. B. Mullins et als.*, recently tried in this court, the honorable Circuit Judge presiding, that such omission of said land from the land books operated to forfeit and divest the title to said tract of land and vest the same absolutely in the State of West Virginia, under the provisions of the constitution of said State, before the purchase of the same by complainant, and that therefore complainant has no title to said land, the court is of the opinion to dissolve said injunction, reserving the right to render and file herein an opinion in writing upon said motion. It is therefore ordered, adjudged and decreed that the said injunction be, and the same is hereby, dissolved, and that the said bills be dismissed, and that the defendants recover of the complainant their costs."

The controlling questions in this case are the same as those decided in the case of *King* v. *Mullins*, *ante*, 404. For the reasons therein given, the judgment of the Circuit Court is

*Affirmed.*