## FAY *v.* CROZER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA.

No. 165.    Argued April 21, 22, 1910.—Decided May 2, 1910.

A writ of error based on constitutional question will not lie unless the controversy is a substantial one and the question open to discussion.

If the identical question has been determined in a suit involving a state statute it is foreclosed although it may subsequently arise in connection with the provision of the constitution of the State under which the statute was enacted, and the writ of error will be dismissed.

There is no greater objection under the Constitution of the United States to the forfeiture of land for five years' neglect to pay taxes than there is to a similar forfeiture by the statute of limitations for neglect to assert title against one by whom the former owner has been disseized.

The questions involved in this case having been determined in *King* v. *Mullin,* 171 U. S. 404; *King* v. *West Virginia,* 216 U. S. 92; the writ of error is dismissed.

THE facts are stated in the opinion.

*Mr. George E. Price* for plaintiff in error.

*Mr. J. F. Brown,· Mr. W. W. Hughes* and *Mr. D. J. F. Strother* for defendants in error.

PER CURIAM: This is a writ of error to the Circuit Court of the United States for the Southern District of West Virginia, brought directly to this court, and as such falls within the rule that the controversy must be substantial and the question open to discussion. Tested by that rule, we think the writ of error must be dismissed on the authority of *King* v. *Mullins,* 171 U. S. 404; *King* v. *West Virginia,* 216 U. S. 92. And see *King* v. *Panther Lumber Company,* 171 U. S. 437; *Swann* v. *State,* 188 U. S. 739. It is contended that the question of the forfeiture of plaintiffs' title under the constitution of West Virginia was not ruled in those cases, because they also involved the statute of the State referred to, while this case presents the validity of the forfeiture provision of the state constitution alone. But it was pointed out in *King* v. *West Virginia,* 216 U. S. 100, that the right to redeem given by the statute was not coextensive with the forfeiture under the state constitution, and yet the constitution was upheld, as it was in *King* v. *Mullins,* 171 U. S. 404. It follows, therefore, that the state constitution must be upheld in the present case. The only hearing that could be necessary would be whether the facts constitute a forfeiture; and that question when it arises between a former owner and a claimant under the State can be tried in a case between those parties, as it was here. There is no greater objection under the Constitution of the United States to the forfeiture of land for five years' neglect to pay taxes than there is to a similar forfeiture by the statute of limitations for neglect to assert title against one by whom the former owner has been disseised. We think that the question suggested is so plainly covered by the preceding cases that the writ of error must be dismissed.

*It is so ordered.*