## JONES ET AL. *v.* BUFFALO CREEK COAL & COKE COMPANY.

### ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA.

No. 293.　Argued November 5, 1917.—Decided December 10, 1917.

Error committed by the District Court in admitting former judgments in evidence and in rendering judgment on such evidence against a party who objects that they do not bind him but who is fully heard does not constitute a denial of due process of law.

Writ of error dismissed.

THE case is stated in the opinion.

*Mr. Maynard F. Stiles* for plaintiffs in error.

*Mr. William R. Lilly* and *Mr. Robert C. Alston*, with whom *Mr. Philip H. Alston, Mr. C. W. Campbell, Mr. Douglas W. Brown, Mr. Cary N. Davis* and *Mr. R. L. Shrewsbury* were on the briefs, for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

This is an action of ejectment brought by the Buffalo Creek Coal & Coke Company in the District Court of the United States for the Southern District of West Virginia. Jurisdiction of that court was invoked solely on the ground of diversity of citizenship. A verdict was directed for the plaintiff below; and the case was brought here by direct writ of error, defendants below claiming that, by the action of the lower court, they have been deprived of their property without due process of law in violation of the Fifth and Fourteenth Amendments of the Federal Constitution.

328.                    Opinion of the Court.

Plaintiff below set up title from the State derived through mesne conveyances, by virtue of sales made for the benefit of the school fund under statutes which have repeatedly been held valid by this court.[1] The action of which defendants complain as depriving them of due process of law, is the admission in evidence herein of the records and papers in three proceedings brought in the state courts of West Virginia under these statutes, and the rendering of judgment herein against them. As the action now complained of is not the action of a State, the Fourteenth Amendment can have no application. And the claim that the action of the court violates the Fifth Amendment is likewise unfounded.

It was the contention of the plaintiff below that the records and papers in the three suits established title in those under whom it claims; and also that the decrees in those suits created *res judicata* as against the defendant, because their predecessors in title had been parties or privies to those suits. The defendants below contended, among other things, that the premises in question were not within the tracts affected by one or more of the decrees in those suits and that they were not bound by any of them. It is conceivable that the defendants below were right in whole or in part, and that the trial judge erred in admitting some or all of the evidence objected to and in rendering judgment for the plaintiff. But error of a trial judge in admitting evidence or entering judgment after full hearing does not constitute a denial of due process of law. *Central Land Co.* v. *Laidley,* 159 U. S. 103, 112. The writ of error must be

*Dismissed.*

---

[1] *King* v. *Mullins,* 171 U. S. 404; *King* v. *Panther Lumber Co.,* 171 U. S. 437; *Swann* v. *Treasurer of West Virginia,* 188 U. S. 739; *King* v. *West Virginia,* 216 U. S. 92; *Fay* v. *Crozer,* 217 U. S. 455; *King* v. *Buskirk,* 231 U. S. 735.