**UNITED STATES v. JONES.**

No. 18, Docket 20213.

Circuit Court of Appeals, Second Circuit.
May 29, 1947.

George L. Grobe, of Buffalo, N. Y. (Henry W. Killeen, Jr., Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for plaintiff-appellee.

Jay T. Barnsdall, Jr., of Buffalo, N. Y., for defendant-appellant.

Before LEARNED HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

We reject defendant's contention, made in a mood of technicalism appropriate only to an era now fortunately past, that

the indictment (set forth in the footnote)[1] did not sufficiently inform him of the nature of the crime charged. In the alternative, defendant complains that the indictment plainly shows that, if he committed a crime, he did so solely in Oregon, not in the Western District of New York. We assume, arguendo, the correctness of this characterization of the indictment. On that basis, a timely objection pursuant to Article III, § 2 of the Constitution and to the Sixth Amendment, should have halted the trial. But a defendant, thus warned, by the face of the indictment, of the improper venue, waives the error when he goes to trial without interposing an objection,[2] as defendant did here.

█ Defendant further asserts that the evidence does not sustain the verdict. We cannot agree. A government witness testified that the defendant told the witness that, having "received a notice to report for work of national importance to Civilian Public Service Camp 128 at Lapine, Oregon," and having received tickets and instructions from his Local Board to take a certain train from Elmira, New York, the defendant "had not taken that train," and "had no intention of reporting" to that camp.

█ We regard as without foundation defendant's contention that he was deprived of the opportunity to prove that his Local Board "exceeded its jurisdiction," and acted arbitrarily in classifying him as it did. True, the Chairman of the Board, called as a government witness, testified, on direct, that the Board had classified defendant as 4-E; that the defendant then asked for a 4-D classification (i. e., as a Minister of the Gospel); and that "the Board did not consider his request and continued his classification as 4-E." However, defendant's counsel, in cross-examining this witness, brought out the following:

"Q. This defendant made a claim before your Board for a classification as a minister of religion, is that correct? A. That is right.

"Q. And your Board proceeded to consider what evidence you had before you and to deliberate on it, is that right? A. That is correct.

"Q. And in the exercise of your best judgment your Board decided that he was

[1] The indictment reads: "The Grand Jurors of the United States of America, within and for the District aforesaid, then and there sworn and charged to inquire for the said United States of America and for the body of said district, do upon their oaths, present that Harry F. Jones now or late of Elmira, in the County of Chemung with force and arms, etc., to wit, at Elmira, in the County of Chemung, in the said Western District of New York, and within the jurisdiction of this Court, heretofore, to wit, on or about the 1st day of October, 1944, did then and there, knowingly, wrongfully, unlawfully, wilfully and feloniously, fail, neglect and refuse to perform a duty with which he was then and theretofore charged, of carrying out certain of the provisions of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq., and the amendments thereto, and of the rules and regulations made and directions given thereunder, which said duty was to report to and remain in Civilian Public Service Camp, located at Lapine, Oregon, until released by proper authority, the failure to perform such duty consisting of the failure of said Harry F. Jones to report for work of national importance at said Civilian Public Service Camp at Lapine, Oregon, in manner and form as follows, to wit, that the defendant, Harry F. Jones, was then and theretofore a male person residing in the United States who was required to and did register pursuant to the provisions of the said Selective Training and Service Act of 1940, as amended, and of the rules and regulations made and directions given thereunder, who had theretofore been assigned to work of national importance under civilian direction in lieu of performing combatant and non-combatant service, as set forth in the applicable portions of Section 305, Title 50 U.S. C.A.Appendix, and pursuant to which assignment to such work of national importance under civilian direction, as aforesaid, had been directed to entrain for Civilian Public Service Camp at Lapine, Oregon; contrary to the form of the statute of the United States of America in such case made and provided, to wit, Section 311, Title 50 U.S.C.A.Appendix, and against the peace and dignity of the said United States of America."

[2] Mahaffey v. Hudspeth, 10 Cir., 128 F.2d 940; Hagner v. United States, 60 App.D.C. 335, 54 F.2d 446.

not a minister of religion, is that correct? A. That is right."

 In the circumstances, we think it was not error for the trial judge to ask the jurors, before any evidence was received, whether any of them were Jehovah's witnesses.

Affirmed.