**UNITED STATES v. O'CARTER.**
**Cr. No. 5026.**

United States District Court
S. D. Iowa, Central Division.
March 14, 1949.

Maurice F. Donegan, United States Attorney, for plaintiff.

William Schweiker, Sr., Des Moines, Iowa, for defendant.

DEWEY, District Judge.

The above entitled action came on for hearing in open court at Des Moines, Iowa, on this 14th day of March, 1949, upon a motion by Patrick O'Carter, the defendant, to vacate a judgment and sentence, pursuant to the provisions of 28 U.S.C.A. § 2255, and the matter was argued and submitted.

In conformity with said Section this court makes the following Findings of Fact, Conclusions of Law and Order.

Findings of Fact.

1. On the 14th day of February, 1947, the defendant in this action, Patrick O'Carter, plead guilty to the crime of driving a car in interstate commerce, knowing that the car was a stolen car, and was sentenced to four years in the penitentiary.

2. That the defendant wrongfully obtained a Lincoln Zephyr Sedan Automobile in Reno, Nevada, by giving a check, which he knew was worthless, to the owner of the automobile and thus obtained possession of the same by a flagrant fraud on the owner.

3. That this was done in Reno, Nevada, and thereafter the defendant drove the car to Council Bluffs, Iowa, where he was arrested and turned over to the federal authorities to be prosecuted under the Motor Vehicle Theft Act, 18 U.S.C.A. §§ 2311–2313.

4. That the car was not in fact stolen but was obtained from the owner by false pretenses and fraud and that at the time the defendant plead guilty to transporting a stolen automobile, he, his attorney, and the United States Attorney believed under the foregoing facts that the car had in fact been stolen.

5. That at the hearing at the time the defendant entered a plea of guilty in the U. S. District Court for the Southern District of Iowa, the attorney for the Government stated to the court that the car had in fact been stolen prior to its transportation in Iowa; and the court and the U. S. Attorney and the Probation Officer all at the time believed that the car had so been stolen.

6. By a recent decision of the Circuit Court of Appeals for the 10th Circuit, reported in Hite v. U. S., 168 F.2d 973, that court held that the obtaining of an automobile by false pretenses or fraud did not constitute a stealing; and it now appears that the defendant, his attorney, the U. S. At-

torney and the Probation Officer were all mistaken in the belief that the law was otherwise, and that the defendant had in fact taken, stolen and carried away the automobile in question.

7. That the plea of the defendant and the sentence, therefore, were based upon a mistake of law and fact.

And the court finds as

### Conclusions of Law.

1. That the automobile which was transported by the defendant from Nevada to Iowa was not stolen but was obtained by fraud.

2. That under the decision of the Circuit Court of Appeals of the 10th Circuit, above referred to, the obtaining of an automobile by fraud and false pretenses does not constitute a stealing.

3. That the car was not stolen by the defendant and that his plea of guilty was on a mistaken belief that it was in fact stolen. And

4. That the plea of the defendant and his conviction and sentence was based upon the erroneous fact and conclusion of the defendant, his attorney, the U. S. Attorney, and the court that the car charged to have been transported was a stolen car when in truth and in fact it was not a stolen car.

And it is therefore the order of this court that under the provisions of 28 U.S. C.A. § 2255, that this court was without jurisdiction to impose the sentence that it did impose, or the sentence is otherwise subject to collateral attack, and that this proceeding was properly instituted by the defendant and heard by the court.

And, by virtue of the provisions of said Section 2255,

It is the order of this court that the judgment heretofore entered by it in this case be, and the same is, hereby set aside and vacated and the defendant ordered discharged from further commitment under the sentence.

It is further ordered that the defendant should be discharged from further commitment within 15 days from the date this order is received by the Warden of the institution in which the defendant is now confined and that the Clerk of this court certify and send to the Warden of the U. S. Penitentiary at Leavenworth, Kansas, a copy of this order forthwith. United States of America excepts.