## UNITED STATES v. SORRENTINO.

No. 9754.

United States Court of Appeals
Third Circuit.

Argued June 9, 1949.

Decided July 6, 1949.

David Berger, Philadelphia, Pa. (Thomas D. McBride, Philadelphia, Pa., on the brief), for appellant.

Joseph P. Brennan, Scranton, Pa. (Arthur A. Maguire, United States Attorney, Scranton, Pennsylvania, on the brief), for appellee.

Before MARIS, GOODRICH and KALODNER, Circuit Judges.

MARIS, Circuit Judge.

Vincent Anthony Sorrentino was convicted in the District Court for the Middle District of Pennsylvania, with one Elizabeth A. Kobli and others, of a conspiracy to violate the Mann Act. Upon an appeal by defendant Kobli from her conviction we held that the district court had denied her the public trial guaranteed to her by the Sixth Amendment by an order excluding from the courtroom over the objection of her counsel all persons except the defendants, their counsel, witnesses and members of the press. United States v. Kobli, 3 Cir., 1949, 172 F.2d 919. Upon the present appeal by defendant Sorrentino his principal contention is that he likewise was denied his constitutional right to a public trial.

The facts shown by the record with respect to the action of the trial judge in clearing the courtroom are set out in our opinion in the Kobli case and will not be repeated here. Following the decision of that case this court upon motion of the Government in the present appeal of defendant Sorrentino directed the trial judge to certify as to what actually occurred in this connection. The trial judge accordingly held a hearing and filed his certificate accompanied by a transcript of the testimony taken at the hearing. From the certificate and testimony it appears that the exclusionary order of the trial judge was relaxed on the last three days of the trial but that it was enforced on the first day during which the jury was selected. The Government argues that since the public was admitted on the three days during which testimony was taken the defendant actually had a public trial within the meaning of the Sixth Amendment. The constitutional guarantee, however, applies to the entire trial, including that portion devoted to the selection of the jury. Accordingly it must be held that the defendant's constitutional rights were violated by the enforcement of the exclusionary order on the first day of the trial unless those rights were validly waived by him. This brings us to the principal questions with which we are confronted in this case, namely, whether the constitutional right to a public trial may be waived by an individual defendant and, if so, whether it was in fact waived by the defendant in this case.

The right to a public trial is conferred by the Sixth Amendment to the Constitution. It is one of a number of procedural rights which that amendment and Article III, Section 2, clause 3, of the original Constitution guarantee to persons accused of crimes in the federal courts. Among the other rights thus guaranteed are the right to trial by jury, the right to a speedy trial, the right to a trial in the state and district wherein the crime has been committed, the right to be informed of the nature of the accusation, the right to be confronted with witnesses, the right to have compulsory process, and the right to have the assistance of counsel. While all of these rights are in a broad sense for the protection of the public generally they are in a very special sense privileges accorded

to the individual member of the public who has been accused of crime.[1] Accordingly it has been held in the case of most of them that they may be waived by an individual defendant. It has been so held in the case of the right to a trial by jury,[2] the right to a speedy trial,[3] the right to trial in the state and district of the crime,[4] the right to be confronted with the witnesses,[5] and the right to have the assistance of counsel.[6] In each of these instances a defendant may well conclude that in his particular situation his interests will be better served by foregoing the privilege than by exercising it. To deny the right of waiver in such a situation would be "to convert a privilege into an imperative requirement"[7] to the disadvantage of the accused. We think that the same considerations apply to the right to a public trial and that a defendant may waive that privilege also. While the question appears not heretofore to have been considered in the federal courts the better reasoned state cases are in accord with this view.[8] We hold, therefore, that the right to a public trial was one which defendant Sorrentino might waive. The question remains as to whether he did so. In order to determine that question we must consider what actually transpired.

Sorrentino was represented by three competent and experienced lawyers of his own choice. When the trial opened the trial judge asked whether any of the defendants' counsel would object to a court order clearing the courtroom of all people except jurors, witnesses, lawyers and members of the press. Immediately thereafter one of the counsel for defendant Kobli objected and stated that he desired a trial conducted before the public and his request was joined in by his co-counsel. On the other hand each of the three lawyers representing defendant Sorrentino stated to the court that they did not join in the request of defendant Kobli's counsel and that they had no objection to the order which the court proposed to make. The trial judge then announced his order of exclusion.

We think that the action of defendant Sorrentino's counsel was clearly a waiver of his right to a public trial to the extent that the court's order infringed upon that right. The defendant Sorrentino now strongly urges, however, that the waiver was by his counsel alone and that since he himself did not join in it the waiver did not validly bind him. We see no merit in this contention. We have already pointed out that this defendant was represented by three experienced lawyers of his own choice. There is no suggestion by him that they did not competently represent him and the record shows that they were assiduous in defending his interests throughout the trial. By virtue of their employment by him the control of the conduct of his defense was confided in them and they were authorized to speak for him in matters such as this which might arise during the course of the trial.[9] Moreover Sorrentino did not at any time indicate to the court that he was not fully satisfied with the action which the trial judge had thus taken with his counsel's consent. It must, therefore, be concluded that he acquiesced in his counsel's judgment that his interests would not be prejudiced and indeed might be served by the reduction which the court

---

[1] Patton v. United States, 1930, 281 U. S. 276, 298, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263.

[2] Patton v. United States, 1930, 281 U. S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263; Adams v. United States ex rel. McCann, 1942, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435.

[3] Worthington v. United States, 7 Cir., 1924, 1 F.2d 154, certiorari denied 266 U.S. 626, 45 S.Ct. 125, 69 L.Ed. 475.

[4] United States v. Jones, 2 Cir., 1947, 162 F.2d 72, 73.

[5] Grove v. United States, 4 Cir., 1925, 3 F.2d 965, certiorari denied 268 U.S. 691, 45 S.Ct. 511, 69 L.Ed. 1159.

[6] Adams v. United States ex rel. McCann, 1942, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435.

[7] Justice Sutherland in Patton v. United States, 1930, 281 U.S. 276, 298, 50 S.Ct. 253, 258, 74 L.Ed. 854, 70 A.L.R. 263.

[8] Dutton v. State, 1914, 123 Md. 373, 387-388, 91 A. 417, 422-423, Ann.Cas. 1916C, 89; People v. Stanley, 1917, 33 Cal.App. 624, 627, 166 P. 596, 598; Keddington v. State, 1918, 19 Ariz. 457, 172 P. 273, L.R.A.1918D, 1093.

[9] Eury v. Huff, 4 Cir., 1944, 141 F.2d 554. And see United States v. Moe Liss, 2 Cir., 1939, 105 F.2d 144; United States v. Colonna, 3 Cir., 1944, 142 F.2d 210.

ordered in the number of spectators at the trial. We conclude that defendant Sorrentino validly waived his right to a public trial and, therefore, may not now object that it was denied to him.

Sorrentino also urges that the evidence was insufficient to warrant his conviction, that certain declarations of alleged co-conspirators were improperly admitted against him, and that the trial judge made certain errors in his charge to the jury with respect to these declarations and other matters. We have carefully considered these contentions but find them so wholly lacking in merit as to require no detailed discussion.

The judgment of the district court will be affirmed.