**UNITED STATES v. GALLAGHER.**

No. 9990.

United States Court of Appeals,
Third Circuit.

Submitted Oct. 3, 1949.

Resubmitted April 20, 1950.

Decided June 21, 1950.

Harry B. Gallagher, pro se.

Alfred E. Modarelli, U. S. Attorney, Newark, N. J.; Grover C. Richman, Jr., Asst. U. S. Attorney, Camden, N. J.; Stuart B. Rounds, Asst. U. S. Attorney, Trenton, N. J., for appellee.

Before BIGGS, Chief Judge, and MARIS, GOODRICH, McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

The appellant was indicted on May 16, 1941 in the United States District Court for the Eastern District of Missouri on two counts. The first count charged him with transporting in interstate commerce a motor vehicle which he then knew to be stolen. The second count alleged that he received the same automobile moving as interstate commerce, knowing it to have been stolen. On June 25, 1946 appellant, being arrested in the District of New Jersey, stated in writing that he had received a copy of the indictment, that he desired to plead guilty to the charges of the indictment, that he waived trial in the district in which the charges were pending and that he consented to the disposition of the case in the District of New Jersey, subject to the approval of the United States Attorney for each district. The appellant was represented by counsel of his choice and the statement was signed by him and subscribed by his attorney as a witness. The whole procedure was in accordance with Criminal Procedure Rule 20, 18 U.S.C.A.

On July 12, 1946 the appellant pleaded guilty to the indictment in question in the District Court for the District of New Jersey and at the same time pleaded guilty to another indictment involving another crime. He was sentenced on the indictment in question for a term of five years, the execution of the sentence being suspended and the appellant being placed on probation for five years. On May 5, 1947 the appellant was brought before the District Court for the District of New Jersey for violation of his probation. The court terminated the probation and resentenced him to a term of five years which he is presently serving in the federal penitentiary at Atlanta, Georgia.

On March 31, 1949 the appellant filed in the District Court for the District of New Jersey a paper entitled "Motion in Arrest of Judgment". The motion was intended by him to be made under Section 2255 of Title 28, United States Code Annotated.[1] As grounds for his motion he asserted that

1. "§ 2255. Federal custody; remedies on motion attacking sentence

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief,

the district court did not have jurisdiction to accept his plea of guilty and to sentence him upon the indictment because the automobile in question had not in fact been stolen but rather had been obtained by false pretenses in that it had been obtained by a purchase involving the delivery of a worthless check. The district court denied the motion. From its action in so doing the appellant took the appeal now before us.

▪ ▬ Relief under Section 2255 may be granted only where it appears that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." Motions under this section may not be used to review the proceedings of the trial as upon appeal but merely to test their validity when judged upon the face of the record or by constitutional standards. The purpose of the section was not to confer a broader right of attack upon a judgment and sentence than might be made by habeas corpus but rather to provide that the attack which theretofore might have been made in some other court through resort to habeas corpus must now be made in the court where the sentence was imposed unless it should appear that this remedy was inadequate.[2]

▬ Here the appellant, with the advice of counsel, pleaded guilty to the indictment. That plea constituted an admission of his guilt, a waiver of all nonjurisdictional defects and defenses,[3] and admitted all the facts averred in the indictment.[4] The appellant, therefore, could not be heard to challenge those facts in a habeas corpus proceeding.[5] Nor can he do so upon a motion under Section 2255 to set aside the judgment of conviction.[6]

the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

"An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. As amended May 24, 1949, c. 139, § 114, 63 Stat. 105."

2. Birtch v. United States, 4 Cir., 1949, 173 F.2d 316; Carvell v. United States, 4 Cir., 1949, 173 F.2d 348; Taylor v. United States, 4 Cir., 1949, 177 F.2d 194; Pulliam v. United States, 10 Cir., 1949, 178 F.2d 777; Davilman v. United States, 6 Cir., 1950, 180 F.2d 284.

3. Rice v. United States, 5 Cir., 1929, 30 F.2d 681; Weir v. United States, 7 Cir., 1937, 92 F.2d 634, 635, 114 A.L.R. 481, certiorari denied 302 U.S. 761, 58 S.Ct. 308, 82 L.Ed. 590; Weatherby v United States, 10 Cir., 1945, 150 F.2d 465, 466.

4. Lindsay v. United States, 10 Cir., 1943, 134 F.2d 960, 962, certiorari denied 319 U.S. 763, 63 S.Ct. 1316, 87 L.Ed. 1714; Hood v. United States, 8 Cir., 1946, 152 F.2d 431, 433; Maye v. Pescor, 8 Cir., 1947, 162 F.2d 641, 643; Thornburg v. United States, 10 Cir., 1947, 164 F.2d 37, 39.

5. Birtch v. Hunter, 10 Cir., 1946, 158 F.2d 134, 136, certiorari denied 331 U.S. 825, 67 S.Ct. 1314, 91 L.Ed. 1841.

6. United States v. Sturm, 7 Cir., 1950, 180 F.2d 413.

The basic difficulty with the appellant's contention is that he misapprehends the nature and extent of the jurisdiction of the district court. He appears to think that even though he pleaded guilty to the charge against him the court was without jurisdiction to enter a judgment of conviction because, as he now asserts, he was not in fact guilty of the offense charged. But his plea of guilty was itself a conviction and the court had merely to give judgment and sentence thereon.[7] This the court unquestionably had power to do. For even if the action of the court could be considered as a determination that the facts justified the conviction and this was erroneous, the error would not have been jurisdictional in the sense that it would have deprived the court of the power to hear and determine the case. "Jurisdiction to decide," as Chief Justice Stone said in Pope v. United States, 1944, 323 U.S. 1, 14, 65 S.Ct. 16, 23, 89 L.Ed. 3, "is jurisdiction to make a wrong as well as a right decision." Moreover a wrong decision upon the merits does not constitute a denial of due process of law if the opportunity of a full hearing is afforded.[8] Such a decision, therefore, does not involve a denial of constitutional rights which may be made the basis of a motion under Section 2255.

A further question is presented by the record and we, therefore, consider it although the appellant has not raised it. This is whether the District Court for the District of New Jersey had venue jurisdiction of the defendant. Criminal Procedure Rule 20[9] expressly conferred such jurisdiction upon the district court under the circumstances of this case. Since the rule was adopted by the Supreme Court pursuant to authority granted by Congress the question comes down to whether the rule violates the Constitution. In United States v. Bink, 1947, 74 F.Supp. 603, the District Court for the District of Oregon has held it to be unconstitutional. We do not agree.

Section 3231 of Title 18 United States Code,[10] confers general jurisdiction upon all the district courts of all offenses against the laws of the United States. The district court accordingly was vested with jurisdiction of the subject matter involved in the present case. But Section 3231 does not specify the particular district court in which a given offense is to be prosecuted. Venue for this purpose is prescribed by the Constitution and by the Criminal Proce-

---

7. Kercheval v. United States, 1927, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009.

8. Central Land Company of West Virginia v. Laidley, 1895, 159 U.S. 103, 112, 16 S.Ct. 80, 40 L.Ed. 91; Jones v. Buffalo Creek Coal Co., 1917, 245 U.S. 328, 329, 38 S.Ct. 121, 62 L.Ed. 325; Corrigan v. Buckley, 1926, 271 U.S. 323, 332, 46 S.Ct. 521, 70 L.Ed. 969.

9. "Rule 20. Transfer From the District for Plea and Sentence

"A defendant arrested in a district other than that in which the indictment or information is pending against him may state in writing, after receiving a copy of the indictment or information, that he wishes to plead guilty or *nolo contendere*, to waive trial in the district in which the indictment or information is pending and to consent to disposition of the case in the district in which he was arrested, subject to the approval of the United States attorney for each dis-

trict. Upon receipt of the defendant's statement and of the written approval of the United States attorneys, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court for the district in which the defendant is held and the prosecution shall continue in that district. If after the proceeding has been transferred the defendant pleads not guilty, the clerk shall return the papers to the court in which the prosecution was commenced and the proceeding shall be restored to the docket of that court. The defendant's statement shall not be used against him unless he was represented by counsel when it was made."

10. "§ 3231. District courts

"The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. * * *"

dure Rules. The basic provisions are in Article III, Section 2, Clause 3, of the Constitution [11] and in the Sixth Amendment.[12] These provide that the trial of persons accused of crime shall be held in the State and district wherein the crime shall have been committed. In accord with these constitutional provisions Criminal Procedure Rule 18 [13] provides that the prosecution shall be had in the district in which the offense was committed except as otherwise permitted by statute or rule.

As we have seen, it is otherwise permitted by Rule 20, but only upon the express written waiver by the accused person, who desires to plead guilty or nolo contendere, of his right to trial in the district in which the prosecution is pending against him and his express written consent to the disposition of the case in the district in which he has been arrested. Since the rule operates only when the accused has expressly waived the venue fixed by the Constitution and Rule 18 the basic question is whether the Constitutional right to trial in the district in which the offense has been committed is a right which may be waived by the accused. In considering this question we assume, without deciding,

that the proceedings had in the district court upon the appellant's consent and plea of guilty amounted to a "trial" in the constitutional sense.

The district courts are national courts. Their powers are not necessarily limited by the boundaries of the states in which they sit. There is no constitutional bar which prevents Congress from conferring nation-wide jurisdiction upon them. Indeed in a number of fields it has already done so.[14] Accordingly there is no constitutional barrier to the operation of Rule 20 unless it be the venue provisions of Article III, Section 2, clause 3, and of the Sixth Amendment. But we think that the venue specified by these provisions, like other venue provisions,[15] is a procedural right, which, while in a broad sense for the protection of the public generally, is in a very special sense a privilege accorded to the individual member of the public who has been accused of crime. Accordingly, as in the case of the other procedural privileges conferred upon accused persons by these particular clauses of the Constitution,[16] the venue privilege may be waived by an individual defendant.[17]

11. Article III, Section 2, clause 3 of the Constitution:
"The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed."

12. The Sixth Amendment:
"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defence."

13. "Rule 18. District and Division
"Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed, but if the

district consists of two or more divisions the trial shall be had in a division in which the offense was committed."

14. See, for example, § 5 of the Sherman Act and § 12 of the Clayton Act, which authorize extraterritorial service upon a defendant corporation, 15 U.S.C.A. §§ 5, 22; Chapter X of the Bankruptcy Act, which confers upon the bankruptcy court exclusive jurisdiction of the debtor and its property wherever located, 11 U.S.C.A. § 511; and the Federal Interpleader Act, which authorizes extraterritorial service upon claimants in interpleader, 28 U.S.C.A. § 2361.

15. Panama R. Co. v. Johnson, 1924, 264 U.S. 375, 385, 44 S.Ct. 391, 68 L.Ed. 748; 28 U.S.C.A. § 1406(b).

16. See United States v. Sorrentino, 3 Cir., 1949, 175 F.2d 721, certiorari denied 338 U.S. 868, 70 S.Ct. 143, and cases therein cited.

17. Hagner v. United States, 1931, 60 App. D.C. 335, 54 F.2d 446; Mahaffey v. Hudspeth, 10 Cir., 1942, 128 F.2d 940, certiorari denied 317 U.S. 666, 63 S.Ct. 76, 87 L.Ed. 535; United States v. Jones, 2 Cir., 1947, 162 F.2d 72.

■ We conclude that Criminal Procedure Rule 20 is not in conflict with the Constitution and that it conferred venue jurisdiction upon the district court in the present case. The court, therefore, had full power to dispose of the appellant's case. No other question having been raised which would support the appellant's motion under Section 2255 to set aside the judgment of conviction, the district court rightly denied the motion.

The order of the district court will be affirmed.

McLAUGHLIN, Circuit Judge (concurring).

In his motion to the District Court appellant swore that he had purchased the automobile in question; that he had not stolen it. If this be so, there is substantial authority that he did not commit the offense to which he had pleaded guilty. Ex parte Atkinson, D.C.E.D.S.C., 84 F.Supp. 300, 304; United States v. Patton, 3 Cir., 120 F.2d 73; Hite v. United States, 10 Cir., 168 F.2d 973; Loney v. United States, 10 Cir., 151 F.2d 1, 4; United States v. O'Carter, D.C., S.D.Iowa, 91 F.Supp. 544. Contra, Davilman v. United States, 6 Cir., 180 F.2d 284; Taylor v. United States, 4 Cir., 177 F.2d 194.

Appellant asserts that he mistakenly pleaded guilty to a crime which he had not committed. He says that his attorney, perhaps through inadvertence, advised such course. He may be wrong in his contentions but at least he should be allowed to submit those contentions to the scrutiny of the Court.

Since it is correct that the decisions construing Section 2255 hold it to be a substitute for habeas corpus confined to the trial court, I think it important to note that appellant's claim that he is in prison for an offense of which he is innocent, can and should be heard on an application under Rule 32(d) of the Federal Rules of Criminal Procedure. This reads: "Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

The inquiry would be to fairly ascertain whether the plea of guilty was "given through ignorance, fear or inadvertence. Such an application does not involve any question of guilt or innocence." Kerchevel v. United States, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009. See also United States v. Colonna, 3 Cir., 142 F.2d 210, 212.