## UNITED STATES v. GALLAGHER.

### Cr. No. 12532.

United States District Court
W. D. Pennsylvania.

Dec. 29, 1950.

W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for United States.

Gilbert Helwig, Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This proceeding relates to a motion to vacate and set aside judgment and sentence imposed March 1, 1948. It is contended that sentence was imposed in violation of the Constitution of the United States, and that the Court was without jurisdiction. 28 U.S.C.A. § 2255.

The defendant was charged with violation of the National Stolen Property Act, 18 U.S.C.A. § 415 [Revised section 2314]. On the 1st day of March, 1948, the defendant entered a plea of guilty to the indictment.[1] The Honorable Robert Gibson, now deceased, sentenced the defendant to the United States Penitentiary for a period of one year and one day, said sentence to commence at the expiration of the sentence imposed by the United States District Court for the District of New Jersey.

The facts relative to the offense are:

On or about March 21, 1947, the defendant entered the Bellevue Savings and Trust Company at Bellevue, Pennsylvania, and presented a check for deposit in the amount of $2,500.00, drawn on the Union National Bank of Springfield, Missouri. A receipt was given the defendant that said check had been presented for deposit and payment. No funds were advanced by the bank on said check. Said check was signed by Harry B. Gallagher, the defendant, and the bank was actually in existence, although the defendant had no account in said bank. However, the defendant drew ten checks totaling One Hundred Fifty Dollars ($150.-00), on the Bellevue Savings and Trust Company, which were not honored or paid by said bank although he secured value from the persons who cashed said checks.

Subsequent to the entry of the plea of guilty, the Attorney General of the United States issued a directive to all United States Attorneys to not prosecute or secure the return of an indictment against any person who draws a check in his given birth name, or in a name under which he was commonly known, where the check is drawn on a bank that is actually in existence even though the drawer of said check has no account in the bank against whom the check is drawn.

It has been represented to the Court by the United States Attorney that this directive was issued for the reason that under such facts and circumstances a violation of the National Stolen Property Act does not exist.

The Act in effect under which said indictment was returned provides, inter alia, that whoever shall transport or cause to be transported in interstate commerce any falsely made, forged, altered or counterfeited securities, knowing the same to have been falsely made, forged, altered or counterfeited, shall be guilty of a criminal offense. 18 U.S.C.A. § 415 [Revised section 2314].

The question, therefore, exists whether as a matter of law it is a criminal offense for a person to draw a check in his own name upon a non-existent bank account, in an existing bank outside of the state where the check is presented for deposit or transmittal for payment.

■ A plea of nolo contendere to an indictment is an admission of guilt as to all facts set forth in the indictment, and a waiver of all nonjurisdictional defects and defenses, except where the plea was entered without advice and aid of counsel. The plea of nolo contendere is in itself a conviction, and the court has power to enter judgment and sentence thereon.

■ A motion to vacate or set aside the judgment and sentence may be granted only where it appears that judgment was rendered without jurisdiction, or that sentence imposed was not authorized by law, or that there has been such a denial or infringement of the constitutional rights of the defendant as to render the judgment

[1]. "On or about the twenty-second day of March, 1947, at Bellevue, County of Allegheny, in the Western District of Pennsylvania, Harry B. Gallagher with aliases, hereinafter referred to as the defendant, did, with unlawful and fraudulent intent, transport and cause to be transported in interstate commerce, to wit, from Bellevue aforesaid to Springfield, in the State of Missouri, a certain falsely made security, to wit, a check dated March 21, 1947, in the amount of $2,500.00, drawn by the said defendant on the Union National Bank of Springfield, Springfield, Missouri, made payable to the Bellevue Savings & Trust Company; which said check was falsely made, in that he, the defendant, had no account at the said Union National Bank of Springfield; he, the said defendant, well knowing that said check was falsely made as aforesaid."

and sentence imposed vulnerable to collateral attack. United States v. Gallagher, 3 Cir., 183 F.2d 342.

■ However, a person accused of crime cannot plead guilty to an offense which does not exist as a matter of law, or cannot vest in the District Court jurisdiction to impose judgment and sentence after a plea of guilty is entered to an indictment for a crime which does not exist under the laws of the United States.

The case of United States v. Gallagher, supra, is distinguishable from the instant case. In the Gallagher case the facts admitted by the plea of guilty to the indictment constituted a criminal offense. In the case at bar the plea of nolo contendere, which admitted the facts laid in the indictment, does not as a matter of law constitute a criminal offense.

In passing upon this question, the Court requested the Federal Bureau of Investigation to determine whether the defendant's real name was Harry B. Gallagher, or whether he was commonly known in the communities where he resided under the name of Harry B. Gallagher. He was indicted not only under the name of Harry B. Gallagher but under the following alias names: George Goodfellow, Harry Bradford Gallagher, Harry P. Clark and Harry F. Clark.

The certification of the Federal Bureau of Investigation indicates that the birth name of the defendant was Harry Bradford Gallagher although no birth certificate is available. Also, he has been commonly known as Harry B. Gallagher in the communities where he has resided, and with the military authorities and Veterans Administration as a result of his service in World War I.

No other conclusion can be reached but what the true name of the defendant was Harry B. Gallagher, or he was commonly known as Harry B. Gallagher.

As a result thereof, the check which was drawn on the Missouri bank was in his real or common name. The question has not been passed upon in the Third Circuit but I do not believe justified in adopting a different conclusion of the National Stolen Property Act, as it relates to the facts in the instant case, than that which prevails in the Fourth, Eighth and Ninth Circuits, unless I would be able to demonstrate that the construction was wrong or erroneous.

■ It is my judgment that the construction placed on the statute in those circuits should be accepted by this Court. It is, therefore, my conclusion that the National Stolen Property Act which denounces the transportation, or causing to be transported in interstate commerce with fraudulent intent, of any falsely made, forged, altered or counterfeited securities, does not make a criminal offense the transportation of checks drawn by the maker in his own name upon an existing bank in which the maker of said checks had a nonexistent bank account. Martyn v. United States, 8 Cir., 176 F.2d 609; Wright v. United States, 9 Cir., 172 F.2d 310; Greathouse v. United States, 4 Cir., 170 F.2d 512; United States v. Sheridan, 329 U.S. 379, 381, footnote 4, 67 S.Ct. 332, 91 L.Ed. 359.

■■ It is possible, of course, that Congress, when it enacted the statute in question, may have intended that the statute would cover the transportation under such circumstances, but, if so, the language used did not adequately express that intent. It is elementary that a criminal statute must be strictly construed, and that criminal statutes should receive a uniform construction.

■ Unquestionably, the defendant could have been successfully prosecuted under the penal statutes in the state of Pennsylvania, but the facts do not constitute a criminal offense under the federal statute upon which the indictment was based. The sentence imposed was illegal and not authorized by law. The motion to vacate the sentence and judgment imposed is, therefore, granted and an appropriate order is entered.