Orin C. **CLEMENT**
v.
The **UNITED STATES.**
No. 147–55.

United States Court of Claims.
March 6, 1956.

Orin C. Clement, Toledo, Ohio, pro se.

Ralph S. Boyd, Washington, D. C., with whom was Asst. Atty. Gen. Perry W. Morton, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

PER CURIAM.

Plaintiff alleges a taking by the defendant of certain of his property rights and seeks compensation therefor.

The allegations are in substance as follows:

At all times mentioned in the petition plaintiff was the owner of property in Toledo, Ohio, on which stood an apartment house consisting of eight family units; that between September 1, 1948, and March 25, 1949, seven of such units were sold by contract to seven individual purchasers, six of whom took possession of their respective apartments solely under and by virtue of such contracts of purchase, which were in writing and signed with the formalities required by Ohio law.

That on March 25, 1949, the United States, acting through the Housing Expediter, instituted a suit in the United

States District Court for the Northern District of Ohio, charging that the alleged contracts of sale were shams and were made to evade the rent ceiling provisions of the Housing and Rent Act of 1947, 61 Stat. 193, 199, 50 U.S.C.A.Appendix, § 1881 et seq.

The plaintiff's petition also alleges the following: A preliminary injunction was entered against the present plaintiff, forbidding him to receive the monthly payments provided in his contracts or from receiving more than the maximum rents prevailing before the sale contracts were made. The court based its injunction upon findings of fact which, in turn, were founded upon inadmissible evidence to which the present plaintiff objected. An appeal was taken and the court of appeals affirmed without opinion. After a trial on the merits, the district court made the preliminary injunction permanent and ordered the present plaintiff to refund $1,634 to the purchasers. The plaintiff again appealed and the court of appeals again affirmed without an opinion. The plaintiff then moved for relief under Rule 60(b), Fed.Rules Civ.Proc. 28 U.S.C.A. That motion was denied and plaintiff appealed a third time. While his appeal was pending, the Government moved to compel the plaintiff and the surety on his supersedeas bond to make the refund which the court had ordered. Plaintiff resisted the application but the surety yielded and paid the money into court.

In his amended petition plaintiff charges that "The arbitrary and unauthorized proceeding of forcing the surety to pay into court through contempt proceedings against the surety deprived plaintiff of his right of appeal from the order denying relief under Rule 60(b) of the Federal Rules of Civil Procedure * * *." It is further alleged that following the entry of the preliminary injunction, the purchasers from the plaintiff vacated their apartments and discontinued both payments under their contracts and payment of rents.

Plaintiff characterizes the actions of the district court as "unlawful. capricious and tyrannical" and "null and void for lack of jurisdiction over the subject matter of said contracts of purchase" and says that they amounted to a denial to him of due process of law.

Plaintiff asserts that by reason of the facts alleged and the failure of the court and the defendant to observe the general rules of law applicable to and controlling the issues in the case, he was wrongfully deprived of the fulfillment of the terms of his sales contracts, thus taking his property rights to his loss in the sum of $28,099.56, for which he asks judgment. He asserts that he was deprived of his property rights in the sales contracts without due process of law.

■ If there was an actual taking of property we have jurisdiction to render a judgment for just compensation under the Fifth Amendment.

■ Was there a property right in the sales contracts? That issue was directly made in the United States District Court for the Northern District of Ohio, which held that the purported sales contracts were not sales, but attempted evasions of the rent ceilings. If plaintiff had not been given a proper trial, he had a right to appeal to the United States Court of Appeals, which he did both as to the temporary injunction and as to final judgment. Both appeals were decided adversely to him.

We have no authority to review the decisions of those courts. Whether plaintiff was claiming that the trial court exceeded its jurisdiction or that it admitted improper evidence, the appeal was to the United States Circuit Court and to the Supreme Court.

The United States District Court has held that there was no property right in the so-called sales contracts, and on appeal to the Circuit Court of Appeals this action was affirmed. We have no choice but to accept their finding on a litigated issue of fact. Compensation cannot be allowed for a nonexistent property right.

■ There is no basis for a claim in this court that plaintiff was denied due process of law on the ground that

the United States District Court admitted incompetent evidence. Jones v. Buffalo Creek Coal & Coke Co., 245 U.S. 328, 329, 38 S.Ct. 121, 62 L.Ed. 325. Nor can the entry of judgment of a United States Court on a controverted issue of fact make the defendant liable as for a taking under the Fifth Amendment. United States v. Dunnington, 146 U.S. 338, 13 S.Ct. 79, 36 L.Ed. 996.

After the issue as to property rights has been decided adversely to plaintiff by courts of competent jurisdiction, there is no basis for this court to find there was a taking when such finding would be in direct conflict with the action of the other courts which had previously decided the essential issue.

The defendant's motion is sustained and the petition is dismissed.