Burton Rodgers WALKER, Petitioner,

v.

UNITED STATES of America, Respondent.

Crim. A. No. 1–56.

United States District Court
D. New Jersey.

Sept. 16, 1957.

Chester A. Weidenburner, U. S. Atty., Newark, N. J., for plaintiff.

Burton Rodgers Walker, pro se.

WORTENDYKE, District Judge.

Invoking the provisions of 28 U.S.C. § 2255, petitioner, a prisoner in custody under sentence of this Court upon a plea of guilty, seeks vacation of his sentence upon the following asserted grounds:

(1) That he was persuaded by representatives of the Federal Bureau of Investigation, prior to the filing of the Information to which he pleaded guilty, that he was guilty of a Federal offense;

(2) That he executed a written waiver of indictment under the mistaken belief that the offense charged was a violation of Federal law;

(3) That his Court-appointed attorney persuaded him to plead guilty to the Information;

(4) That the Court failed in its duty to impart to petitioner a full understanding of the nature of the charge against him and to see that the attorney appointed to represent the . petitioner

properly protected the petitioner's constitutional rights; and

(5) That the Court was without jurisdiction to enter judgment and impose sentence by reason of the facts alleged in the foregoing contentions.

Section 2255 of Title 28, relied upon by petitioner in support of the present motion, provides a procedure whereby a sentence may be collaterally attacked by recourse to the Court in which the conviction was had and sentence imposed. In the language of the section (§ 2255), the application may be based "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence; or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

Petitioner's plea of guilty was to an Information (after due waiver of indictment) which charged that on December 15, 1954, the petitioner, "with unlawful and fraudulent intent, caused to be transported in interstate commerce, from Newark, New Jersey, in the District of New Jersey, to Philadelphia, in the State of Pennsylvania, a certain falsely made security, to wit, a check drawn on the Camden Trust Company, Camden, New Jersey * * * it being well known by the said Burton Rodgers Walker that the said check was falsely made." The Information also charged that the foregoing offense constituted a violation of § 2314 of Title 18 of the United States Code. It also appears on the face of the Information that the check in question was made payable to Henry D. Emery, an alias of petitioner, was signed "S. E. Tayler", and endorsed in the name of said Henry D. Emery. Petitioner's plea of guilty to all of the facts alleged in the Information constituted not only an admission of those facts, the truth of which he cannot challenge in this proceeding, but also a waiver of all non-jurisdictional defects and defenses. United States v. Gal-

lagher, 3 Cir., 1950, 183 F.2d 342, certiorari denied 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed 659. The substance of petitioner's present contentions, however, seems to consist in his claim that the Information was defective jurisdictionally, and that because this vice was not pointed out to petitioner by his attorney he was induced to plead guilty to the Information without a full understanding of the legal effect of the allegations thereof.

28 U.S.C. § 2255 provides further, in part, as follows:

> "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

We are confronted at the outset with the question of whether "the files and records of the case conclusively show that the prisoner is entitled to no relief * * *." The Federal penal statute charged to have been violated by petitioner (18 U.S.C. § 2314), as of the date of the alleged offense (December 15, 1954) read as follows:

> "* * * Whoever, with unlawful or fraudulent intent transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered or counterfeited; * * * shall be fined not more than $10,000 or imprisoned not more than ten years, or both. * * *"

It will be noted, in passing, that the language of the Information to which the petitioner pleaded guilty does not coincide with that above quoted from § 2314 in that the quoted portion of the section constitutes, as an offense, the *transportation* in interstate commerce of a falsely made security; whereas the Information charges that the petitioner *caused* the false check *to be transported* in interstate commerce. (Emphasis supplied.) However, 18 U.S.C. § 2(b) provides that "Whoever causes an act to be done, which if directly performed by him would be an offense against the United States, is also a principal and punishable as such." The Information, therefore, charged, and the petitioner by his plea of guilty thereto admitted, that the petitioner caused a false security, to wit, a check drawn and presented in Newark, New Jersey, upon a bank in Camden, New Jersey, to be transported to Philadelphia, in the State of Pennsylvania. This Court takes judicial notice of the fact that the charged transportation was in interstate commerce. It was admittedly caused by the petitioner who, by virtue of the provisions of 18 U.S.C. § 2(b), became a transporter thereof and therefore a violator of 18 U.S.C. § 2314, cited in the Information. Petitioner's plea of guilty to the Information, which, on its face, charges all facts essential to constitute a violation of § 2314, an offense within this Court's jurisdiction, was an admission of all facts well pleaded. Accordingly, the judgment which imposed sentence upon petitioner was not thereafter subject to collateral attack by the present motion under 28 U.S.C. § 2255. Smith v. United States, 10 Cir., 1953, 205 F.2d 768, citing inter alia United States v. Gallagher (supra). In the Gallagher case, Judge Maris, speaking for the Third Circuit Court of Appeals, 183 F.2d at page 344, said:

> "Here the appellant, with the advice of counsel, pleaded guilty to the indictment. That plea constituted an admission of his guilt, a waiver of all non-jurisdictional defects and defenses, and admitted all the facts averred in the indictment. The appellant, therefore, could not be heard to challenge those facts in a habeas corpus proceeding. Nor can he do so upon a motion under Section 2255 to set aside the judgment of conviction."

Although, on the face of the Information, a Federal offense within the juris-

diction of this Court was pleaded, and petitioner's plea of guilty constituted an admission thereof, it is now contended by petitioner that his entry of that plea was upon the advice of counsel, but that counsel failed to protect his constitutional rights.

This Court, throughout all of the proceedings which the petitioner now criticizes, was impressed by the unusual intelligence and facility in self-expression which petitioner manifested. In his written waiver of indictment, signed in open court and dated January 6, 1956, the petitioner acknowledged that he had been advised of the nature of the charge against him and of his constitutional rights to a grand jury indictment, and he consented to be prosecuted upon Information. Louis A. Sorrentino, Jr., Esq., a member of the New Jersey Bar, who was appointed by the Court to represent petitioner upon the reception of his plea, reported to the Court that he had had an opportunity to discuss with the defendant the charges contained in the Information and that the latter had indicated his willingness to cooperate fully with the Court, to waive indictment, and to plead guilty to the Information. A transcript of the stenographic record of the proceedings which elicited the plea is set forth below.[1]

1. Transcript of Plea—January 6, 1956— Burton Rodgers Walker: Before: Hon. Reynier J. Wortendyke, Jr., U.S.D.J. Appearances: United States Attorney, by Eugene M. Friedman, Esq., Assistant United States Attorney. Criminal No. 1-56.

Mr. Friedman: Your Honor, a complaint was filed against this defendant charging him with a violation of Section 2314 of the Criminal Code, causing a falsely made security to be transported in interstate commerce. I have furnished Mr. Walker with a copy of the proposed information, a copy of the waiver of indictment, and a copy of a waiver of counsel. He does not have counsel. I am not sure that he does not want counsel, your Honor.

The Court: Mr. Walker, are you aware of your constitutional right to be represented by counsel?

The defendant: I believe I am, sir. I would appreciate it if the Court would allow me a court-appointed counsel. Is that possible?

The Court: Are you not able to afford an attorney?

The defendant: No, sir, I am not. I am in prison at the moment. I have just been brought over from the New York City penitentiary. I have no funds.

The Court: I shall have to—

Mr. Lacey: I notice Mr. Sorrentino in court.

The Court: How about it, Mr. Sorrentino?

Mr. Sorrentino: It would be a pleasure, sir.

The Court: You will pardon the Court for not having recognized you. Our paths at the bar did not happen to cross. Will you take a few moments to confer with Mr. Walker? Let us know how he desires to plead. This is on an indictment?

Mr. Friedman: No, sir, this is on an Information.

(A short recess was taken.)

Mr. Friedman: Your Honor, Mr. Sorrentino has come back.

The Court: All right. May I have your full name?

Mr. Sorrentino: Louis A. Sorrentino. Your Honor, I have had an opportunity to discuss the charges against the defendant with him and he has indicated his willingness to cooperate fully with the Court, and his willingness to waive indictment and to plead guilty to the Information.

The Court: Very well. Mr. Friedman, have you a form of waiver? Mr. Sorrentino, are you familiar with the content of these waivers?

Mr. Sorrentino: Yes, sir, I am; and I have explained them to the defendant. Now, your Honor, if I may at this point, the defendant has suggested that certain things be stated in his behalf, certain things concerning his attitude toward the future. I wonder if this is the proper time to present them to the Court.

The Court: Normally the Court would prefer to hear those remarks before the imposition of sentence. I think this is also fairer to the defendant that they be made then because at that time my mind will be concentrated on the matter of sentence, and whatever may be said now I might not be able to recall. I think it would be preferable to do so. However, I will not foreclose you from being heard on any phase of the matter at this time.

Mr. Sorrentino: I was just wondering if perhaps a probation report can be

After hearing and considering the statements made in behalf of the petitioner by his court-appointed attorney and by petitioner himself, on a subsequent date, the Court sentenced petitioner to commitment for a period of five years to commence on the expiration of his then present confinement under sentence of a Court of the State of New York. However, execution of the sentence was ordered only after petitioner had been placed upon, had partially served, and was duly found to have violated the conditions of probation.

■ This Court concludes upon the files and records of this case that petitioner is conclusively shown to be entitled to no relief. Assuming as true petitioner's statement that prior to the filing of the Information in this case he had been persuaded by representatives of the Federal Bureau of Investigation that he was guilty of a Federal offense, the record clearly indicates that at the time he pleaded guilty he was acting under no duress or promise, and that he intelligently understood the charge which he admitted by his plea.

■ Petitioner's further contention that he was induced to waive indictment by the mistaken belief that the offense to which he pleaded guilty was a violation of Federal law cannot support his attack upon his sentence in the present proceeding for the reason that upon the face of the Information the factual allegations thereof constitute, as a matter of law, a violation of 18 U.S.C. § 2314,

made on this defendant prior to the sentencing.

The Court: Very definitely. Not only will a full probation report, presentence report be made by the probation officer, but the Court and the probation officer will be in careful conference upon the matter before the Court makes up its mind as to sentence.

Do you understand what you are about to do in the way of waiving your right to be indicted by a grand jury?

The defendant: Yes, sir, I do.

The Court: And you are acting under the advice of your attorney?

The defendant: Yes, sir.

The Court: You will execute the form of waiver. I would like to have both Mr. Friedman and Mr. Sorrentino witness your signature.

Mr. Friedman: The defendant has signed the waivers of indictment and witnessed by Mr. Sorrentino and myself.

The Court: They may be filed. Has a copy of the proposed information been shown to the defendant and the contents thereof explained to him?

Mr. Sorrentino: They have been, sir.

The Court: Is the defendant in custody or at large?

Mr. Sorrentino: The defendant is serving time at the New York penitentiary on Riker's Island.

The Court: Under a New York State conviction?

Mr. Sorrentino: Yes, sir.

(The Information was filed.)

Mr. Sorrentino: He has five months to serve on his present sentence.

Mr. Friedman: May I ask the defendant one further question? Mr. Walker, has your plea been motivated in any way by any representation on my part?

The defendant: No, sir.

Mr. Friedman: In any respect as to any kind of sentence that might be recommended?

The defendant: Absolutely not.

The Court: I am glad you asked him that question. Does the defendant desire to plead to the Information?

Mr. Sorrentino: The defendant has pleaded guilty to the Information.

The Court: The plea will be accepted. Have you any recommendations with respect to bail at this time after the completion of his present—

Mr. Friedman: No, your Honor.

The Court: If that situation arises we can hear that separately. The defendant will be remanded to his present custody and sentence will be imposed upon notice to the defendant given by the probation officer, and also to the Court.

Mr. Sorrentino: Before I conclude this particular matter, is it understood that I am to continue representing him?

The Court: I would like to have you continue representing him.

Mr. Sorrentino: Will I be notified of the sentence day?

The Court: Yes. I want the record to show this in connection with the plea which you have entered on both of the counts of the information against you. Do you enter that plea freely and without any inducement by way of promise or threat?

The defendant: Yes, sir, I do.

The Court: On the part of the Government or anyone else?

The defendant: Yes, sir.

and in admitting to the truth of those charges, whatever may have been petitioner's opinion as to the type of offense constituted by such a violation becomes irrelevant in determining the propriety of the sentence.

■ Finally, if we assume that implied, if not completely expressed, in the third of petitioner's four grounds for his motion, is the claim that he was not sufficiently informed by his attorney, or by the Court, to enable him to acquire a full understanding of the nature of the charges embodied in the Information, the face of the record discloses no possibility, especially in view of the intelligent responses of petitioner to the Court's inquiries during the proceedings for reception of the plea, that the admissions implicit in his plea of guilty resulted from any failure on petitioner's part to understand the simple language in which the facts constituting the offense with which he was charged were set forth in the Information, of which he was furnished a copy and which he stated he understood.

Although whether petitioner was persuaded by representatives of the Federal Bureau of Investigation or was otherwise led to believe that the offense charged in the Information to which he pleaded guilty was a violation of Federal law may be considered questions of fact which, under other circumstances, might call for a hearing upon petitioner's present application, they may, for the purpose of determining the preliminary question here, be assumed as true. In admitting the truth of the facts pleaded in the Information, petitioner rendered immaterial the nature and classification of the offense. The recital in the Information that the facts therein alleged constituted a violation of 18 U.S.C. § 2314 was mere surplusage. The factual allegations themselves presented a question of law for the Court's determination, and the Court found that those facts constituted a violation of the recited section of the statute. The guilt admitted by petitioner was not that of the violation of any particular statute but

on the contrary an admission that he did what the Information alleged as a factual basis for the charged violation. Whatever, therefore, may have been petitioner's belief, spontaneous or induced, respecting the classification of the offense charged against him, that belief can afford no basis for collateral attack upon the sentence which was based upon the plea of guilt. Petitioner admitted in open court that his plea had not been motivated in any way by any representation on the part of the Court or on the part of the Assistant United States Attorney who moved the reception of the plea. In answer to the Court's question: "Do you enter that plea freely and without any inducement by way of promise or threat?" defendant replied: "Yes, sir, I do." The Court supplemented this question: "On the part of the Government or anyone else?", and the defendant responded further: "Yes, sir." The record (footnote 1 above), especially the last above quoted portions, refutes petitioner's presently asserted contention that he was persuaded by his Court-appointed attorney to plead guilty to the Information.

■ Insofar as petitioner now claims that the Court failed in its duty to impart to petitioner a full understanding of the nature of the charge against him, and to see that the attorney appointed to represent him properly protected petitioner's constitutional rights, the record affords no justification of a hearing in support of this contention. In this connection, the language of Judge Swaim, speaking for the Seventh Circuit Court of Appeals in United States v. McGee, 242 F.2d 520, at page 524, supports the adequacy of what the record discloses in the case at bar respecting the sufficiency of the Court's discharge of its duty to the petitioner in the present case. Judge Swaim said, at page 524:

"Defendant insists, however, that his waiver of counsel and plea of guilty were not made voluntarily after proper advice and with full apprehension of the nature of the crime with which he was charged. Defend-

ant's contention in this regard, stripped of its gloss, is simply that he did not know and was not advised of the 'independent contractor' defense. [The Information in the cited case charged embezzlement by an employee of funds of a common carrier engaged in interstate commerce.] But it is not the duty of the trial court to explain or enumerate for the accused the possible defenses he might raise to the charge against him. Michener v. United States, 8 Cir., 181 F.2d 911. The innumerable factual situations that might possibly afford an accused a defense to the crime charged reveals the absurdity of the assertion that to be valid the waiver of counsel or a plea of guilty may be accepted only after the trial judge had made known to the accused every conceivable defense that may be available or to determine from the accused that he has knowledge thereof. This would mean that a layman could not plead guilty unless he had the opinion of a lawyer on such questions of law as might arise if he did not admit his guilt. The plea of guilty here expressed defendant's belief that his act was proscribed by law, and that he could not successfully defend. Of course, a conviction based upon this plea presupposes a tacit disposition of the questions of law raised by the application of section 660 [18 U.S.C. § 660 upon which the Information was based] to the particular facts of this case. But there is no reason why defendant's admission of guilt cannot be accepted without more, since there is nothing extraordinary about this case which precluded defendant from knowing whether or not he was guilty of the crime charged. * * * Defendant does not deny that he wrongfully appropriated the funds, but complains that he could have successfully met the charge by proving that he was an independent contractor and had a proprietary interest in the money. This is not what the law contemplates by requiring that the accused is entitled to know the nature of the crime with which he is charged."

In the matter at bar the voluntary character of the plea of guilt is not impaired by any advice or the results of deliberate cogitation which the petitioner may have received or indulged in during the period of his partial service of the sentence respecting the quality of the offense, the facts of which he had admitted by his plea.

Petitioner's assertion that the Court lacked jurisdiction to impose the sentence is apparently intended to relate to and be dependent upon petitioner's contention that the facts alleged in the Information did not constitute a Federal offense. This contention raises a purely legal question. The factual allegations in the Information, having been admitted by the plea of guilt, fit the offense charged squarely within the language of the Federal statute cited (18 U.S.C. § 2314) when read in conjunction with that of 18 U.S.C. § 2(b). The Court finds as a matter of law that the Information did charge a Federal offense and thereby vested the Court with jurisdiction of it. The sufficiency of the Information to charge such an offense cannot be collaterally attacked in this proceeding. United States v. Kranz, D.C.N.J.1949, 86 F.Supp. 776, citing United States ex rel. Gallivan v. Hill, 3 Cir., 1934, 70 F.2d 840, certiorari denied 292 U.S. 642, 54 S.Ct. 778, 78 L.Ed. 1494; Smith v. United States, 10 Cir., 1953, 205 F.2d 768, citing United States v. Gallagher, 3 Cir., 1950, 183 F.2d 342, certiorari denied 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659; United States v. Caufield, 7 Cir., 1953, 207 F.2d 278.

I conclude that the files and records of petitioner's case in this Court conclusively show that he is entitled to no relief, and, therefore, that a hearing upon his petition is not required by 28 U.S.C. § 2255. This Court's written request to the United States Attorney for

this District, to bring this matter on for hearing pursuant to the last aforesaid section is revoked, and the petition is denied.

An order may be presented in accordance with the views herein expressed.

