## ISBELL v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
April 27, 1928.

No. 7715.

**1. Criminal law ⬪622(1)—Motion for severance in prosecution of several defendants rests in trial court's discretion.**

Motion for severance under indictment charging several defendants with same offense rests in sound discretion of trial court.

**2. Criminal law ⬪622(2)—Denial of motion for severance, where not preventing fair trial of defendants charged with transporting stolen automobile, held not abuse of discretion (18 USCA § 408).**

In prosecution of several defendants under the National Motor Vehicle Theft Act (18 USCA § 408) for alleged transportation across state line of stolen car, refusal to grant motion of one of defendants for severance held not abuse of discretion, where it did not appear that either defendant was prevented from securing fair and impartial trial.

**3. Automobiles ⬪351—Indictment charging that defendants transported automobile in interstate commerce from Kansas into Western district of Oklahoma, knowing it was stolen, held sufficient (18 USCA § 408).**

Indictment charging that defendants, in Washita county, in the Western district of Oklahoma, did then and there knowingly, willingly,

unlawfully, and feloniously transport in interstate commerce from Wichita, in the state of Kansas, into the Western district of Oklahoma, a certain Buick automobile, giving the number thereof, knowing said motor vehicle to have been stolen, *held* sufficient to charge violation of National Motor Vehicle Theft Act (18 USCA § 408).

**4. Automobiles ⬪355(12)—Proof that automobile was taken without knowledge or consent of person using it sufficiently established character of car as stolen, in prosecution for transporting stolen automobile in interstate commerce (18 USCA § 408).**

Proof that owner's son was given permission to drive car, and that while using it he parked it, and that car was subsequently taken without his knowledge or consent, *held* sufficient to establish character of car in controversy as stolen automobile, in prosecution for transportation of stolen car in interstate commerce, under 18 USCA § 408.

**5. Automobiles ⬪355(12)—Evidence held to sustain conviction for transportation of stolen automobile in interstate commerce (18 USCA § 408).**

Evidence *held* sufficient to sustain conviction of one of two defendants jointly charged with transportation in interstate commerce of automobile known to have been stolen under National Motor Vehicle Theft Act (18 USCA § 408).

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

E. P. Isbell was convicted for violation of the National Motor Vehicle Theft Act, and he brings error. Affirmed.

P. K. Morrill, of Altus, Okl. (Stevens & Cline, of Lawton, Okl., on the brief), for plaintiff in error.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl. (Leslie E. Salter and William P. Kelley, Asst. U. S. Attys., both of Oklahoma City, Okl., on the brief), for the United States.

Before STONE and VAN VALKENBURGH, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge. Plaintiff in error Isbell, with one Olin Camp, as defendants, were convicted in the court below upon an indictment charging them with violation of the National Motor Vehicle Theft Act (18 USCA § 408). From such conviction Isbell has sued out a writ of error, which brings the case before this court.

The general trend of the evidence in the court below is to the effect that the two defendants left the city of Wichita, Kan., in a car belonging to one J. Arch Butts, and went to different points in the state of Oklahoma

which are situated in the Western judicial district of that state.

[1, 2] Error is assigned to the trial court because of the denial of a motion made on behalf of the defendant Isbell for a severance. This, under the authorities, rests in the sound discretion of the court. Nothing appears in the record which would indicate that the trial court abused this discretion in denying the motion, or that the facts in this case present a situation from which it might be apparent that either defendant could not or did not secure a fair and impartial trial by being tried jointly with his codefendant.

[3] The indictment itself is challenged because of its alleged legal insufficiency. The indictment charges in substance, that on or about the 30th day of January, 1926, in Washita county, in the Western district of Oklahoma, the defendants did then and there knowingly, willfully, unlawfully, and feloniously transport in interstate commerce from Wichita, in the state of Kansas, into the Western district of Oklahoma, a certain Buick automobile, giving the number thereof, which had theretofore been stolen from one J. Arch Butts, the owner thereof, at Wichita, Kan., the said defendants then and there well knowing said motor vehicle to have been stolen. This statement appears to be sufficiently specific under the recognized rule to advise the defendant of the charge made against him. It clearly appears that there was charged a joint transportation by the two defendants of a car stolen from a person named, with knowledge of its being stolen, from Wichita, Kan., into the Western district of Oklahoma, and that in a specified county in the latter state, to wit, Washita county, a portion of such transportation was fixed. It was in this county that the defendant Camp, according to the proofs, had eventually driven the car, and defendant Isbell had later endeavored to regain possession of it. Under the statute (18 USCA § 408) prosecution may be in any district in or through which the vehicle is transported or removed.

[4] Complaint is also made that the stolen character of the car is not sufficiently established by the evidence. The trend of the testimony upon this point is that the car was sold to one John Arch Butts, of Wichita, Kan., delivery made to him by the retailing agency, and payment received for the same; that the son of the owner was given permission to drive the car by his father, and that while using it the son parked it at a certain place in the city of Wichita at a certain time, from which place it was taken without his knowledge or consent. We think that this evidence is sufficient to establish the character of the car here in controversy as a stolen motor vehicle. If we were to adopt the rule contended for by counsel for plaintiff in error, it would virtually mean that, in order to establish the stolen character of an automobile, the title owner would have to be in immediate personal charge of the car previous to the theft.

[5] The remaining point raised is to the effect that the verdict and judgment are not sustained by proper and sufficient evidence. In reviewing the record we are convinced that the evidence was entirely sufficient to sustain the verdict of the jury and the judgment of the court based thereon. The evidence seems to justify the conclusion that upon the trial each defendant was trying to absolve himself from criminality and place the burden of blame upon his codefendant. Considering that the crime charged was the transportation of a stolen motor vehicle knowing it to have been stolen, the jury could quite easily come to the conclusion that the defendants were equally guilty. It having been established that the car was a stolen one, and the defendant Isbell having admitted that he assisted in the transportation of it from Kansas to Oklahoma, the only remaining essential element of the crime necessary to be established as against Isbell was his knowledge of the stolen character of the car at the time of the transportation. In this respect we feel that the principal evidence is independently supported by various circumstances, which amply sustain this phase of the charge. The stories told by the defendant Isbell were conflicting, and not in consonance with the theory of a guiltless participant. He made statements to friends that, if the truth were known in regard to the car, the law would pick him up. He first claimed ownership of the car, and then stated that it belonged to another, whose name he admitted afterwards was fictitious, in regard to which his only explanation was that it was stated in the nature of a joke. Again, he made statements to the effect that, if the truth were known, there would be enough dope to send him to the penitentiary, and later said that he would arrange to send a man to Wichita for the purpose of transmitting a bogus telegram, in order to secure the release of the car from the authorities, who had taken it into their possession. All of these circumstances, together with others, tend to establish evidence of a guilty knowledge on the part of defendant Isbell.

All the assignments of error, as they were grouped by counsel for plaintiff in error,

have been considered in the foregoing, with the result that we find no error·in the record of the trial court and its judgment is affirmed.