## UNITED STATES v. ADCOCK.
### No. 21465.

District Court, W. D. Kentucky, at Louisville.
March 30, 1943.

352

Eli H. Brown, III, U. S. Atty., of Louisville, Ky., for plaintiff.

Brent Overstreet, of Louisville, Ky., for defendant.

MILLER, District Judge.

The defendant, James Clifton Adcock, was indicted for knowingly transporting a stolen automobile in interstate commerce in violation of Section 408, Title 18 U.S.C.A. The jury returned a verdict of guilty and the matter is before the Court on the defendant's motion for a new trial.

The defendant had been employed for a number of months by the Briggs Motor Company as manager of its used-car lot in Portsmouth, Virginia. Following a disagreement with Briggs in the latter part of October 1941 he was released from employment and paid in full on a Saturday afternoon. The next day he called Briggs on the phone and asked permission to use one of the automobiles for the purpose of going to Suffolk, Virginia, to collect some of his personal belongings. The permission was given and Adcock took the car in question and drove it to Suffolk. He tried to locate his former wife from whom he had been recently divorced but was not able to find her. He took a few drinks and decided to keep on riding and to seek employment at some Army camp in another section of the country. He drove the car on into North Carolina and from there through South Carolina, Georgia, Alabama, Arkansas, Tennessee and into Kentucky. While in Tennessee he acquired some secondhand Tennessee license plates and installed them on the care in place of the Virginia license plates which he removed. He was arrested in Kentucky for using the car as a taxicab without a license. He abandoned the car in Kentucky and proceeded into New York state. At the close of the Government's case, which showed the foregoing facts, the defendant moved for a directed verdict on the ground that the evidence was not sufficient to show that the car was a stolen car within the provisions of the statute. The motion was overruled, which ruling is the basis for the present motion.

Section 408, Title 18 U.S.C.A. provides: "Whoever shall transport or cause to be transported in interstate or foreign commerce a motor vehicle, knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both." Defendant contends that where a bailee obtains possession of property without fraudulent intent at the time and later uses the property in violation of the terms of the bailment, the property so used is not stolen property; that the felonious intent to appropriate property to one's own use must exist at the time of obtaining possession of the property in order to make the property stolen property. He relies upon Smith v. Commonwealth, 96 Ky. 85, 27 S.W. 852, 49 Am.St.Rep. 287; Morgan v. Commonwealth, 242 Ky. 713, 47 S.W.2d 543, and McKenzie v. Travelers' Fire Ins. Co., 239 Ky. 227, 231, 39 S.W.2d 239 in support of his contention. The first two of those decisions deal with the crime of larceny and state the general common law rule that when property comes lawfully into the possession of a person, either as agent, bailee, part owner or otherwise, his subsequent appropriation of it is not larceny, unless the intent to appropriate it existed in the mind of the taker at the time it came into his hands. But this is not an indictment for larceny, and unless the word "stolen" in the statute is used synonymously with the crime of larceny the rule is not

applicable. In United States v. Trosper, D. C., 127 F. 476, 477, the defendant was indicted for stealing a package from out of the United States mail. In referring to the meaning of the word "steal" as used in the statute the Court said: "With reference to the second ground of defendant's motion, it may be well to observe, again, that the word 'steal' in said clause is not used, as already indicated, to designate technical larceny, but means simply 'to take without right or leave,' and the use of that word in the indictment sufficiently charges wrongful intent." In Russell v. United States, 8 Cir., 119 F.2d 686, 688, the Court had under consideration a conviction under Section 415, Title 18 U.S.C.A. for transportation of stolen property in interstate commerce. The Court said: "In using the terms 'stolen, feloniously converted, or taken feloniously by fraud or with intent to steal or purloin', the Act used expressions of well and long known legal and popular meaning." In Isbell v. United States, 8 Cir., 26 F.2d 24, the Court had under consideration the same statute which is involved in this case and rejected the contention that the property must be taken from the immediate personal possession of the owner in order to be stolen property. I am of the opinion that the word "stolen" is used in the statute not in the technical sense of what constitutes larceny, but in its well known and accepted meaning of taking the personal property of another for one's own use without right or law, and that such a taking can exist whenever the intent to do so comes into existence and is deliberately carried out regardless of how the party so taking the car may have originally come into possession of it.

The foregoing construction of the meaning of the word "stolen" is supported by comparing the other case relied upon by defendant and referred to above, namely, McKenzie v. Travelers' Fire Ins. Co., with the case of Federal Ins. Co. v. Hiter, 164 Ky. 743, 176 S.W. 210, L.R.A.1915E, 575. Both cases involved an effort to recover for the theft of an automobile under a policy of theft insurance. In both cases there was a use of the car in question without the consent of the owner. In the McKenzie case the Court held that the car was not a stolen car in that there was no intention on the part of the taker to convert it to his own use, although he did use it without permission. However, in the Hiter case the Court allowed a recovery under facts which were very similar to the facts in the present case. In that case the employee was released from his employment on Saturday following which he requested permission to use a car to go to Indianapolis to seek other employment. The insured loaned the car for that purpose, but the former employee after driving it to Indianapolis then went on with it to Missouri where it was found six or eight weeks later in its damaged condition. The Court held that although there was no intent to convert the property to his own use at the time when possession was given, yet the subsequent acts of the employee after using the property for the specified purpose amounted to a theft of the automobile within the usually accepted meaning of the term.

Since the evidence was sufficient to sustain a finding that the automobile had become a stolen automobile instead of one rightfully in the possession of the defendant, at a time before it was transported into Kentucky, and that the defendant knew that he was operating a stolen car the offense was sufficiently proven and the defendant's motion for a new trial is accordingly overruled.