## DAVILMAN v. UNITED STATES.
### No. 10965.

United States Court of Appeals
Sixth Circuit.

Feb. 17, 1950.

Charles E. Stevenson, Covington, Ky., for appellant.

Norris Reigler, Louisville, Ky., (David C. Walls, Norris W. Reigler, on the brief), for appellee.

Before HICKS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

This is an appeal in forma pauperis from the denial by the district court of a motion to vacate its judgment and sentence.

The appellant, Louis Davilman, and his wife, Maud Wooten Davilman, upon conviction by jury verdict for violation of the Dyer Act, in transporting a stolen automobile from Las Vegas, Nevada, to Owensboro, Kentucky, were each sentenced to five years imprisonment. The record does not disclose that either Davilman or his wife made a motion for a new trial; but some eight months after he entered upon the service of his sentence, appellant filed a motion in the district court to vacate his sentence, which was overruled.

On May 31, 1949, some eighteen months after his imprisonment, appellant, through his attorney, filed in the district court a "Motion to Vacate Judgment and Sentence Pursuant to the Provisions of Title 26, [sic] section 2255, U.S.C.A." The motion was rested upon the argument that the automobile had been rented in Las Vegas, Nevada; and, although not returned according to the rental contract but appropriated to their own use, the defendants could not lawfully be punished for violation of the Dyer Act, section 408, [now §§ 2311-2313], Title 18 U.S.C.A., for having transported in interstate commerce a motor vehicle "knowing the same to have been stolen". Portions of the record in a district court case, styled "United States v. Patrick O'Carter" [the citation to which was not given] were filed in support of the motion.

We think the judgment of the district court in rejecting the fine-spun distinction urged in the motion was correct. Judge Miller, then district judge but now a member of this court, wrote clearly and logically in United States v. Adcock, D.C. W.Ky., 49 F.Supp. 351, 353, the reasons for rejecting the strained construction which Davilman seeks to have placed upon the language of the Dyer Act. He pointed out that the word "stolen" is used in the federal statute not in the technical sense of what constitutes larceny, but in its well known and accepted meaning of taking the personal property of another for one's own use without right or law, and that such taking can exist whenever the intent to do so comes into existence and is deliberately carried out regardless of how the party so taking the automobile may have originally come into possession of it.

In addition to pressing this point on appeal, the able attorney appointed by this court at the request of appellant to represent him here brings forward and argues forcefully that the district court abused its discretion in declining to order separate trials of appellant and his wife, in the circumstances where the wife had made a confession implicating her husband in the crime; and that there was no evidence whatever adduced at the trial which connected appellant with the crime, unless the confession of his wife was considered against him. It is insisted that, while the district judge properly ruled that the confession of appellant's wife was not to be considered as evidence against him, the charge of the court actually directed the jury to consider facts which rested exclusively upon the confession of the wife. There was no proof that appellant was in Las Vegas, Nevada, on March 5, 1947, when his wife rented the automobile for a period of two days. The only substantial evidence against the appellant was that the car was found in his possesion in Owensboro, Kentucky, in September of the same year.

The court charged the jury that, if it was believed from the evidence beyond a reasonable doubt that the defendants intended to convert the automobile to their own use "before they came into this district", they would be guilty of transporting in interstate commerce from some place outside the Western District of Kentucky into the same a stolen automobile, knowing it to be stolen. It is contended that, in the face of no proof connecting appellant with the transportation, such instruction was erroneous. Even so, appellant's plight is that he did not bring the case to this court by direct appeal. Indeed, he did not present this proposition on his second motion to vacate the judgment filed in the district court.

Section 2255, Title 28 U.S.C.A., provides: "A prisoner in custody under sentence of a court of the United States claiming the right to be released upon the ground that the sentence was imposed in

violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

■ This statute has quite recently been construed and applied—and we think correctly—by the United States Court of Appeals for the Fourth Circuit in a case similar to that now before us. Taylor v. United States, 1949, 177 F.2d 194, 195, is the case to which we refer. There, as here, the appeal was from an order denying a motion made under section 2255, Title 28 U.S.C.A., to vacate and set aside a sentence of imprisonment. The defendant represented by counsel at his trial, was convicted for violation of the Dyer Act. There was nothing indicating the denial of any of his constitutional rights, or that the sentence imposed was invalid or subject to collateral attack for any reason whatsoever. He did not take a direct appeal, but months later, as did the appellant in the instant case, made a motion to set the sentence aside on the ground that the evidence against him did not warrant his conviction. Pointing out that motions made under section 2255 may not be used to review proceedings in the trial court as if upon appeal or writ of error, the court of appeals said: "Prisoners adjudged guilty of crime should understand that 28 U.S.C.A. § 2255 does not give them the right to try over again the cases in which they have been adjudged guilty. Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised by timely appeal from the sentence if the petitioner desires to raise them. Only where the sentence is void or otherwise subject to collateral attack may the attack be made by motion under 28 U.S.C.A., § 2255, which was enacted to take place of habeas corpus in such cases and was intended to confer no broader right of attack than might have been made in its absence by habeas corpus." Neither in the record in the case at bar nor in the motions to vacate the judgment and sentence does anything appear which would justify the discharge of appellant on an application for habeas corpus.

The order of the district court is affirmed.