**UNITED STATES v. SICURELLA et al.**

No. 155, Docket 21881.

United States Court of Appeals
Second Circuit

Argued Feb. 13, 1951.

Decided March 8, 1951.

Anthony Manguso, Buffalo, N. Y., attorney and counsel for appellants Sicurella and Tomaselli.

Alfred R. Pacini, Buffalo, N. Y., for appellant Billiteri.

George L. Grobe, U. S. Atty., Buffalo, N. Y., for plaintiff-appellee; Michael J. McMorrow, Asst. U. S. Atty., Buffalo, N. Y., of counsel.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

All three defendants were indicted for conspiring to violate the Dyer Act, 18 U.S.C.A. § 2312, which prohibits the transportation in interstate commerce of an automobile known to be stolen. The defendants Sicurella and Tomaselli were also indicted for the substantive offense of violating the Dyer Act. The defendants were tried and convicted in the United States District Court for the Western District of New York. Defendants now appeal.

None of the defendants testified. The evidence indicated the following:

On October 5, 1949, Sicurella and Billiteri called on one Overall, an automobile dealer, in Kansas City, Missouri, and told him that they could provide him with automobiles stolen in Buffalo, the theft of which would not be reported until Overall had had time to dispose of them. Overall pretended to accede to their plan, as did Harkness, a local police sergeant, who was sent for by Overall and who was present during part of the conversation ostensibly as the partner or confederate of Overall. Both of them aided in the detection of the theft by the authorities. Later in the month Sicurella telephoned Overall several times saying that he was en route to Kansas City with three stolen cars. Sicurella also telephoned Harkness that he was on the way with cars. On October 30, 1949, Tomaselli drove into Overall's place of business in a car belonging to one De-Marco of Buffalo and was shortly after followed by Sicurella in a taxi. Sicurella offered the car for sale and presented a forged bill of sale acknowledged in Buffalo, whereupon he and Tomaselli were arrested. DeMarco was a friend of Tomaselli's and had given the latter permission to use the car at any time, even on long trips, but he had not given any permission to sell it.

The defendants argued that as Tomaselli had been given full permission to use the car, it was not a "stolen" car within the meaning of that term as contained in the Dyer Act inasmuch as no *animus furandi* existed when Tomaselli originally came into possession of it, that accordingly the substantive count in the indictment was not proved and the conspiracy count must fail with the failure of the substantive count. The same argument is made on behalf of Sicurella. It is argued that as the substantive count against Billiteri was dismissed by the trial judge there was no evidence to connect him with the conspiracy. In our opinion the evidence was plainly sufficient to negative each of these contentions.

■■ Defendants say that a conviction under the Dyer Act cannot stand unless there is evidence sufficient to prove larceny under the narrowest definition of that crime at common law. Such a contention would not help the defendants even if it were sound—which we do not intend to intimate—for a narrow common law definition is not required under the Dyer Act. See Davilman v. United States, 6 Cir., 180 F.2d 284; Stewart v. United States, 8 Cir., 151 F.2d 386; Loney v. United States, 10 Cir., 151 F.2d 1. Moreover, it was always larceny when there was an intent at the time a bailee acquired possession of the property of another to convert it to his own use and the bailee thereafter did convert it and the owner had given over the property with no intention that title should pass. See *e. g.,* Hite v. United States, 10 Cir., 168 F.2d 973; United States v. Patton, 3 Cir., 120 F.2d 73; Reg. v. Ashwell, 16 Q. B. D. 190.

■ On the charge of the court in the case at bar the jury must have found that when the car was driven away from De-Marco's house en route to Kansas City, Tomaselli or Sicurella intended to convert it and DeMarco had not intended to part with title then or when he gave Tomaselli permission to use it. Such a finding will not be disturbed unless without substantial evidence to support it. *E. g.* Seefeldt v. United States, 10 Cir., 183 F.2d 713. Here there clearly was sufficient evidence to support it. The forged bill of sale alone, bearing a notarial certificate of acknowledgment executed in Buffalo, was strong proof that the car which contained the document when Sicurella and Tomaselli

arrived at Kansas City had been stolen before being transported in interstate commerce.

The acts necessary to constitute the crime of conspiracy were clearly set forth in the charge. Evidence was introduced from which the jury could find that Billiteri joined the conspiracy at its very beginning and there was no evidence that he withdrew from it prior to the delivery of the cars in Kansas City. There was also evidence that Tomaselli drove the car to Kansas City with knowledge of the unlawful plan and that Sicurella then offered the car for sale. Under the circumstances, the contention that as a matter of law there was no conspiracy is without merit. It is plain that there was enough to justify the conviction for conspiracy of all the defendants and of Sicurella and Tomaselli upon the substantive counts.

The judgments are accordingly affirmed.