## UNITED STATES v. KRATZ.

### Cr. No. 75–50.

United States District Court
D. Nebraska, Omaha Division.

June 11, 1951.

Edward J. Tangney, Asst. U. S. Atty., Omaha, Neb., for plaintiff.

Clark W. Carnaby, Jr., Omaha, Neb., for defendant.

DONOHOE, Chief Judge.

The defendant, Alvan Harry Kratz, filed a motion under Section 2255 of Title 28, United States Code, to have the sentence imposed upon him by this Court, on his plea of guilty, set aside. The United States Attorney for this District filed a response in opposition to the motion which put in issue certain questions of fact. The Court set a date for hearing and requested the Attorney General, who had custody of the defendant, then an inmate of the United States Penitentiary at Leavenworth, Kansas, to produce the defendant at the hearing. Several days before the date set for the hearing on the motion, the defendant, in custody, appeared before the Court to petition for the aid of counsel in the prosecution of his motion. Since the motion presented some rather intricate legal problems the court appointed counsel for the defendant. On May 31, 1951, the defendant, represented by his counsel, appeared and a hearing was had on his motion. After careful consideration of the evidence produced at the hearing and the arguments made by counsel, the Court has reached the conclusion that the defendant's motion to vacate his sentence should be granted.

The defendant admits pleading guilty but contends that the plea was not competent or binding because 1) he was not represented by counsel, and 2) he did not understand the nature of the charge against him.

It is fundamental in federal jurisprudence that a defendant in a criminal prosecution in United States Courts has a right to be represented by counsel at every stage of the proceedings. VI. Amend. U. S. Const.; Rule 44 Federal Rules of Criminal Procedure, 18 U.S.C.A.; See Fellman, The Constitutional Right to Counsel in Federal Courts, 30 Nebr.L.R. 559, and cases therein cited. On June 8, 1950, the defendant, Alvan Harry Kratz, was brought before the Court and this right to have counsel was thoroughly explained. At this time, the defendant requested counsel and the Court appointed one John Baldwin, a member of the bar with considerable experience in criminal matters, to represent the defendant. After the appointment, the Court called a short recess and the defendant, with his counsel, retired to an adjoining room for consultation. When the Court reconvened, the defendant, represented by Mr. Baldwin, appeared, waived the right of an indictment by a grand jury and consented to the filing of an information.

The record shows that on June 26, 1950, the defendant executed in proper form a consent to have this case transferred under Rule 20, Federal Rules of Criminal Procedure, from the District of Arizona, where the crime was alleged to have been committed, to this District, where the defendant was arrested, for the purpose of entering a plea of guilty or nolo contendere. Two things must be noted in connection with this consent. First, this Court has jurisdiction of the case only for the limited purpose of accepting a plea of guilty or nolo contendere. Second, the defendant's statement in the consent that he wishes to plead guilty or nolo contendere may not be used against him unless he was represented by counsel when it was made. The record does not show that the defendant was so represented.

On July 3, 1950, the defendant was brought before the Court for the purpose of arraignment. For some reason, unknown to the Court, and not apparent from

an examination of the record, Mr. Baldwin did not appear with the defendant. In view of this fact, the defendant was asked if he desired to be represented by counsel in the matter. He stated to the Court that he did not. The defendant's action was voluntary, intelligent and competent and consequently constituted a waiver of his right to be represented by counsel at this stage of the proceeding. Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

When called upon to plead to the information, the defendant states that he guessed he was guilty. Being informed by the Court that a guess would not suffice, he volunteered the following: "I had counsel two weeks ago, Your Honor. I didn't know the motor vehicle had been stolen. I rented it at the place, but I did misappropriate it. I kept it too long, and so forth, and apparently I am guilty of the charge; so I am guilty."

The Court then inquired: "You are entering a plea of guilty?"

To which the defendant replied: "Yes, sir."

And the plea was accepted.

Rule 11 of the Federal Rules of Criminal Procedure provides that the Court shall not accept a plea of guilty without first determining that the plea is made voluntarily with understanding of the nature of the charge. The defendant was charged with transporting in interstate commerce, a motor vehicle knowing the same to have been stolen. 18 U.S.C.A. § 2311. The statement by the defendant at the time he entered his plea that he did not know the automobile was stolen seems inconsistent with a plea of guilty, and there may be some question as to whether or not it was an acceptable plea. However, the plea was accepted because the defendant admitted that, though the car was rented originally, that he misappropriated it and kept it too long. There is authority to the effect that the word "stolen", as used in 18 U.S.C.A. § 2311, is not used in a technical sense of what constitutes larceny, but in its well known meaning of taking

personal property of another for one's own use without right or law, and such taking can exist whenever such intent to do so comes into existence and is deliberately carried out regardless of how a party so taking a vehicle may have come into possession of it. United States v. Adcock, D.C.Ky., 1943, 49 F.Supp. 351; Davilman v. United States, 6 Cir., 1950, 180 F.2d 284.

Upon reexamination of the authorities the court discovers that the Court of Appeals for the Eighth Circuit seems to apply the Common Law rule of larceny to determine whether the property is "stolen". Ackerson v. United States, 8 Cir., 1950, 185 F.2d 485. Oddly enough, this decision is not necessarily controlling in this matter because the crime was committed in the Ninth Circuit. However, even if the Common Law rule were applied, the defendant could be guilty under the facts he admits, if he had the appropriate intention. "It was always larceny when there was an intent at the time a bailee acquired possession of the property of another to convert it to his own use and the bailee thereafter did convert it and the owner had given [it] over the property with no intention that title should pass. See e. g., Ilite v. United States, 10 Cir., 168 F.2d 973; United States v. Paton [Patton] 3 Cir., 120 F.2d 73; Reg. v. Ashwell, 16 Q.B.D. 190." United States v. Sicurella, 2 Cir., 1951, 187 F.2d 533, 534.

The defendant, a high school graduate, who speaks intelligently and has had experience in these matters before, testified that he did not have the intention to misappropriate the car when he rented it. His attorney contends that the property would not therefore be stolen property under the Common Law Rule. There is some merit to this contention. At Common Law a bailee of chattels who feloniously converts them to his own use is not guilty of larceny where his possession of them was not unlawfully obtained and the felonious intent was formed subsequent to the delivery. 52 Corpus Juris Secundum, Larceny, § 46, p. 840. Whether the Ninth Circuit would define "stolen" in a narrow common law manner, we do not here attempt to foretell.

1002

The Court has not analyzed the foregoing authorities for the purpose of determining the guilt or innocence of the defendant, but merely to ascertain whether his statements made in conjunction with his plea were so out of harmony with a plea of guilty that the plea is incompetent. The guilt or innocence of the defendant may turn upon the substantive proof of his intent. What the defendant's intent actually was we do not here attempt to decide. We only inquire into the validity of the plea.

The Court is convinced that the defendant did not fully understand the nature of the charge. He openly asserted that the automobile was not stolen and thereby denied an essential element of the crime. And his further statements as to misappropriation do not establish that the automobile was "stolen" within the meaning of the Dyer Act. Consequently, this Court will set aside the defendant's sentence and refuse to accept his plea of guilty. Under these circumstances, since the case was transferred here under Rule 20, the case shall be restored to the Docket of the District Court of Arizona. The Attorney General's custody of the defendant is hereby terminated and the defendant shall be delivered to the custody of the United States Marshal for this district.