**WILLIAMS v. UNITED STATES.**
No. 14427.

United States Court of Appeals
Fifth Circuit.
Dec. 9, 1953.
Rehearing Denied Jan. 5, 1954.

Writ of Certiorari Denied
March 15, 1954.
See 74 S.Ct. 531.

**448**

Thomas C. Wicker, Jr., New Orleans, La., Dave Caton, Pensacola, Fla., Louis S. Joel, Jacksonville, Fla., for appellant.

C. W. Eggart, Jr., Asst. U. S. Atty., Pensacola, Fla., George Harrold Carswell, U. S. Atty., Tallahassee, Fla., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES, and BORAH, Circuit Judges.

BORAH, Circuit Judge.

The appellant was convicted on a two count indictment. The first brought under 18 U.S.C. Section 371 charges appellant and one Baker with conspiracy to violate 18 U.S.C. Sections 2 and 641 and the second charges a violation of 18 U.S. C. Section 641.

Count one in pertinent part charges that the appellant and his co-defendant Baker together with Boatwright and Tanksley, who are not made defendants, "did unlawfully conspire, combine, confederate and agree together and with each other to commit certain offenses against the United States, that is to say:

"(a) to unlawfully steal, purloin and knowingly convert to their use and the use of others certain property of the United States of the value of more than $100.00, including one (1) SNJ airplane propeller of the value of more than One Hundred Dollars ($100.00), all in violation of Sections 2 and 641, Title 18 United States Code;

"(b) to unlawfully receive, conceal and retain with intent to convert to their own use and gain certain property of the United States of the value of more than One Hundred Dollars ($100.00), including one (1) SNJ airplane propeller of the value of more than One Hundred Dollars ($100.00), all of which said property had theretofore been stolen as they then and there well knew, all in violation of Sections 2 and 641, Title 18, United States Code.

"That subsequent to the formation of said conspiracy, combination,

confederation and agreement hereinbefore set out in this indictment and during its existence, in pursuance and furtherance of the same, and to effect and accomplish the objects thereof, and with the intent, and for the purpose of effecting the objects thereof, one or more of said conspirators did do and commit one or more of the following overt acts, to-wit:" The overt acts, seven in number, are here set out.

The second count charges that the defendants "did unlawfully receive, conceal and retain with intent to convert to their own use and gain the following described property of the United States: One (1) SNJ airplane propeller, which said property had theretofore been stolen as they the said Walter Williams and Thomas Baker then and there well knew, the value of said property being more than One Hundred Dollars ($100.00) (18 U.S.C. § 641)."

Appellant is here insisting that both counts are fatally defective under the decision in Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288, because criminal intent is not alleged. But the factual situation involved is different. In the Morissette case the indictment was not questioned and decision turned upon the fact that the accused testified that he took certain castings belonging to the Government and sold them, thinking they had been abandoned. There, the trial court refused to charge that the accused could be convicted only if the jury found that he took the castings with wrongful or criminal intent and the Supreme Court held that the refusal to charge upon wrongful intent was reversible error. Here, the court charged the jury specifically upon the point of corrupt motive or intent, and the jury found that this existed.

Apart from the factual distinction between the cases, we do not at all agree with appellant's bald assertion that criminal intent was not alleged in either count. The first count avers that appellant conspired to violate §§ 2 and 641, 18 U.S.C., in violation of § 371, 18 U.S.C. Conspiracy to violate criminal law is bottomed on unlawful and willful intention. Intent to accomplish an object cannot be alleged more clearly than by stating that parties conspired to accomplish it. Frohwerk v. United States, 249 U.S. 204, 39 S.Ct. 249, 63 L.Ed. 561; Burroughs and Cannon v. United States, 290 U.S. 534, 54 S.Ct. 287, 78 L.Ed. 484. In the second count, the allegation that the defendants did unlawfully receive, conceal and retain with intent to convert to their own use and gain property which had theretofore been stolen as they then and there well knew, plaintiff alleged intent.

The record discloses that the appellant moved for judgment of acquittal under counts one and two at the close of the Government's case and renewed its motion at the close of all evidence. The principal question confronting us for determination is whether the trial court committed reversible error in refusing to grant these motions. The motions were based upon the alleged insufficiency of the Government's proof as to both counts and on the further ground that the proof shows as to count two that the propeller was embezzled and not stolen as charged in the indictment.

The evidence reveals that on or about March 7, 1952, appellant sent a message to Tanksley, an enlisted man at the Naval Air Station in Pensacola, Florida, that he was interested in buying aircraft parts and equipment. Tanksley relayed this information to Boatwright, another enlisted man who was a storekeeper in charge of the store at Whiting Field, Florida. On March 13, 1952, appellant called Boatwright, who had previously left his telephone number at appellant's place of business and arranged for a meeting at the San Carlos Hotel in Pensacola on the same night. At this meeting appellant told Boatwright that he bought and sold aircraft parts and Navy surplus and if Boatwright would sell him some material, there was no way anybody could ever catch him. Boatwright in turn informed appellant of the position he occupied and stated that he

could and would get the aircraft parts, "from the Navy, government property." Appellant instructed Boatwright that at any time he had any aircraft parts he should call appellant's business partner, Baker, who would pick them up and he made out a list of parts that he was interested in obtaining, including a propeller for which he promised to pay $300.00. It was thereupon agreed that Boatwright would talk to Tanksley about procuring the propeller from the Naval Air Station and appellant was then informed that it would be stolen property. Boatwright did talk to Tanksley and on a later date informed appellant that Tanksley would probably obtain the propeller that night and it was agreed that on the same evening appellant would send Baker to meet Boatwright and Tanksley at a restaurant in Milton, Florida.

There was evidence to show that after Tanksley procured the propeller by requisition from the Naval Air Station and obtained a receipt therefor, he concealed the propeller in a wooded area. Thereafter, he delivered the receipt to Boatwright at Whiting Field, where it was filed by Boatwright in his capacity as storekeeper, all in an attempt to cover up the transaction. The meeting was held at the restaurant as scheduled and Tanksley informed Baker that he had the stolen propeller in his possession. Whereupon they repaired to the wooded area where the propeller was wrapped in old sheets and loaded into Baker's car, but only after Tanksley had first removed a log book attached to the propeller and obtained from Baker a promise to remove the serial number therefrom. Thereafter, the propeller was delivered to appellant's warehouse in New Orleans, Louisiana, and in July, 1952, it was shipped by Railway Express consigned to appellant's place of business at Pensacola. The $300.00 purchase price was paid to Boatwright and Tanksley in installments on various dates including March 28, 1952, on which occasion appellant wrote out a $200.00 check in the presence of Boatwright, Baker, and Tanksley and handed it to Baker with instructions to cash it and deliver the proceeds to Boatwright and Tanksley.

■■ Upon this record we think it plain that the motions for a judgment of acquittal were properly denied. First, there can be no doubt that the Government's propeller was stolen and not embezzled since it affirmatively appears that at the time Tanksley came into possession of the propeller he had the previously formed intention of appropriating it to his own use and that of his confederates. Tredwell v. United States, 4 Cir., 266 F. 350, certiorari denied 253 U.S. 496, 40 S.Ct. 587, 64 L.Ed. 1031; Moore v. United States, 160 U.S. 268, 16 S.Ct. 294, 40 L.Ed. 422; Murphy v. United States, 5 Cir., 206 F.2d 571; United States v. Sicurella, 2 Cir., 187 F.2d 533; Ackerson v. United States, 8 Cir., 185 F.2d 485; cf. Hite v. United States, 10 Cir., 168 F.2d 973. Second, the evidence was ample to support the verdict and it was for the jury on the evidence to determine the credibility of the witnesses and resolve the conflicts in the testimony.

■■ Appellant's further contention that the trial court committed reversible error in instructing the jury on the question of reasonable doubt is likewise without merit. The Judge after pointing out that the Government was required by competent evidence to convince the mind of each individual juror of the guilt of the accused beyond a reasonable doubt stated that "a reasonable doubt * * * means exactly what the term implies. A doubt that would appeal to a reasonable person, a doubt for which you can give yourself a reason—it does not mean an idle, whimsical or fanciful doubt, but a real well founded doubt." No objection was taken to any part of the charge notwithstanding the rule in federal courts that claimed trial errors should be specifically called to the attention of the trial judge so that he might have opportunity to rectify the mistake if he has made one. While it is true that we may notice plain error, we cannot on this record say that this charge affected the fairness and integrity of

this proceeding. United States v. Farina, 2 Cir., 184 F.2d 18.

We have carefully considered defendant's other assignments of error and these present no cause for reversal.

Judgment affirmed.