**William LeRoy HAND, Appellant,**
v.
**UNITED STATES of America,**
Appellee.
No. 5145.

United States Court of Appeals
Tenth Circuit.
Nov. 7, 1955.

Robert N. Trunk, Denver, Colo., for appellant.

James W. Heyer, Denver, Colo. (Donald E. Kelley, Denver, Colo., was with him on the brief), for appellee.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

The appellant, William LeRoy Hand, appeals from a judgment of sentence on a conviction for the interstate transportation of an automobile, knowing the same to have been stolen, in violation of Title 18 U.S.C. § 2312. The sole question is whether the automobile transported in interstate commerce was "stolen" within the meaning of the federal statute.

The facts are that on October 2, 1954, the appellant, Hand, and a companion went to a used car lot in Sacramento, California, representing themselves to be prospective purchasers of an automobile. They selected a 1951 model Mercury, and after test driving it they returned it to the lot, told the salesman that they liked it, but were buying it together and wanted to get the approval of their wives. They were then permitted to take the car from the lot again. About an hour later they returned with the car, stating that they definitely wanted to buy it and intended to pay from accumulated back pay which they were to receive that afternoon. At about 4:30, the appellant's companion told the salesman that it would expedite the transaction if they were permitted to take the car to get the money. The salesman explained that the car lot closed at six o'clock and that he had a dinner appointment. The appellant's companion replied that it would save time and bus travel to take the car and that they would return before six o'clock. The salesman explained that they did not ordinarily permit cars to leave the lot without a good faith deposit and suggested $50 or $100. A $20 deposit was agreed upon and the salesman gave appellant and his companion a receipt, reciting that the deposit was applicable to the purchase price but was "not refundable".

The appellant and his companion took the car, drove it to Reno, Nevada, thence to Salt Lake City and Denver. The appellant was unmarried, his companion's wife lived in another town, and they took another girl to Reno. No bill of sale, contract purchase, chattel mortgage or title of any form was ever executed. Appellant and his companion were arrested in Denver while in possession of the car. They immediately stated to the arresting officers that the automobile was "stolen from Sacramento". While in Salt Lake City they obtained application forms for Utah automobile registration, including a form of bill of sale, which they falsely executed with the intention of obtaining a Utah license, but did not use it.

Paraphrasing the language of this court in Hite v. United States, 10 Cir., 168 F.2d 973, the trial court instructed the jury that the word "stolen" is used in the federal statute in the common-law sense of larceny; that one of the essential elements of larceny is taking by trespass, that is, without the consent of the owner; and that if a person intending to steal another's personal property obtains possession of it, although with the consent of the owner, by means of fraud or through a fraudulent trick or device, and feloniously converts it pursuant to such intent, the owner will be regarded as having retained constructive possession,

and the conversion constitutes a trespass; but if the owner of the personal property, although induced by fraud, intends to and does part voluntarily with his title to the property, as well as his possession thereof, not expecting the property to be returned to him or to be disposed of in accordance with his directions, the taking is not larcenous. The jury was accordingly told that if they found that the salesman at the used car lot intended to and did part voluntarily with the title to the automobile, as well as possession thereof, and did not expect the automobile to be returned or disposed of in accordance with his directions, then their verdict should be not guilty as to the defendant or defendants in regard to whom they made such findings.

While we have adhered to the common-law definition of larceny requiring trespass or the relinquishment of title and possession without the consent of the owner, other courts have rejected the common-law definition, saying that the word "stolen" as used in the federal act should not be used in the technical sense of common-law larceny "but in its well known and accepted meaning of taking the personal property of another for one's own use without right or law; and that such taking can exist whenever the intent comes into existence and is deliberately carried out regardless of how the person so taking the automobile may have originally come into possession of it." Collier v. United States, 6 Cir., 190 F.2d 473, 477. See also Crawford v. United States, 6 Cir., 188 F.2d 536; United States v. Sicurella, 2 Cir., 187 F.2d 533.

The appellant argues that the payment of the $20 deposit and receipt constituted a sale of the automobile and a partial payment therefor, and that title and possession therefore voluntarily passed. But the record is entirely sufficient to support the finding of the jury to the effect that the defendant intended to steal the car from the inception; that the representations made to the salesman and the deposit of the money were merely the means for taking the automobile without the owner's consent, and that he did not voluntarily part with the title or possession with the expectation that it would not be returned or disposed of in accordance with his directions. And the evidence was also entirely sufficient to support the verdict based upon knowledge that the car was stolen. See Seefeldt v. United States, 10 Cir., 183 F.2d 713.

The judgment is affirmed.