**Willie Ray HUTCHISON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14061.**

United States Court of Appeals Sixth Circuit.

June 14, 1960.

Chester E. Wallace, Atlanta, Ga., on brief, for appellant.

James C. Jernigan, Asst. U. S. Atty., Louisville, Ky., William B. Jones, U. S. Atty., and James C. Jernigan, Asst. U. S. Atty., Louisville, Ky., on brief, for appellee.

Before MARTIN, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

On April 26, 1955, appellant, Willie Ray Hutchison, upon jury trial had in the United States District Court for the Western District of Kentucky, was convicted of murder in the second degree. An issue on the trial, submitted to the jury, was the question of whether the crime had taken place within the boundaries of Fort Campbell, Kentucky. The verdict of the jury and the judgment entered thereon adjudicated that the offense was there committed. Appellant was sentenced to a term of imprisonment of thirty years.

On April 21, 1959, relying on Title 28 U.S.C.A. § 2255, appellant moved the Honorable Roy M. Shelbourne, District Judge, to vacate the sentence imposed. He asserted that at his trial in 1955 the

Court was without jurisdiction, claiming that the offense was not committed within the territorial limits of Fort Campbell, Kentucky, and, therefore, not on lands within the jurisdiction of the United States. The district court denied the motion, stating that the issue as to the place where the killing occurred was properly submitted to the jury and resolved against the appellant.

A fair review of the present appeal indicates that its principal complaint is that upon hearing of the motion here involved, the trial judge refused to hear argument or evidence de hors the record and refused to make available for such motion a transcript of such portions of the evidence and proceedings as would disclose a jurisdictional question.

Application was heretofore made to this court for an order requiring that a transcript be furnished to this appellant at Government expense. This was denied by this court on December 4, 1959. Substantially, the appellant is again asking that he be furnished with all portions of the trial record pertinent to the question of territorial jurisdiction. He specifies the relief sought as follows:

> "Appellant respectfully submits that the decision below should be reversed and the sentence vacated; or, in the alternative, that the case be remanded to the court below with instructions to grant a hearing and, in event of another appeal, to include in the appeal record all portions of the trial record pertinent to the question of territorial jurisdiction."

In reality, appellant wishes to be furnished with such a record so that the same may be searched to see if there can be found therein errors on the trial which could be assigned as reasons for relief under Title 28 U.S.C.A. § 2255.

In the case of Davilman v. United States, 6 Cir., 180 F.2d 284, this court approved the following language of the Fourth Circuit in the case of Taylor v. United States, 177 F.2d 194, 195:

> "Prisoners adjudged guilty of crime should understand that 28 USCA, § 2255, does not give them the right to try over again the cases in which they have been adjudged guilty. Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised by timely appeal from the sentence if the petitioner desires to raise them. Only where the sentence is void or otherwise subject to collateral attack, may the attack be made by motion under 28 USCA, § 2255, which was enacted to take the place of habeas corpus in such cases and was intended to confer no broader right of attack than might have been made in its absence by habeas corpus."

Neither appellant's motion to vacate the sentence, nor the specifications of the instant appeal suggest that the sentence imposed upon appellant was void or subject to collateral attack. The issue as to the place at which the offense was committed was resolved by the judgment of conviction.

The order of the district court denying appellant's motion is affirmed.