**T. J. JONES, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 15254.**

United States Court of Appeals Sixth Circuit.

June 27, 1963.

T. J. Jones, in pro per.

Thomas L. Robinson, U. S. Atty., Edward N. Vaden, Asst. U. S. Atty., Memphis, Tenn., Herbert J. Miller, Jr., Asst. Atty. Gen., Dept. of Justice, Criminal Division, Washington, D. C., for appellee.

Before MILLER and WEICK, Circuit Judges, and FOX, District Judge.

PER CURIAM.

This is an appeal from an order of the District Court denying, without a hearing, appellant's motion to vacate sentence filed under the authority of Title 28 U.S. C. § 2255.

Appellant was convicted by a jury in the District Court of transporting in interstate commerce a person who had been kidnapped in violation of Title 18 U.S.C. § 1201 and sentenced to life imprisonment. He was represented at the trial by counsel of his own choosing. Appellant did not appeal from his conviction.

The Government introduced evidence showing that he kidnapped a married woman in Memphis, Tennessee and drove her by automobile to Mississippi where, at the point of a knife, he raped and robbed her, made her get out of her car

and drove it away leaving her in the woods.

His motion to vacate complains only of the sufficiency of the evidence to support the conviction. It was his contention at the trial that the woman was not raped, but consented to having sexual intercourse with him. In his notice of appeal, he stated that the following questions were involved:

"1. Whether there was any corroborated evidence presented for a conviction, and whether the statement of the witness can be accepted without proof?

"2. Whether a person can be kidnapped when they pick a person up with their car without force or threats?

"3. Was appellant entitled to a verdict of not guilty because of insufficient evidence?"

Similar questions were set forth in his motion to vacate sentence. In this motion, appellant asked the District Court to grant him a hearing where he could be personally present and to subpoena four character witnesses. He also asked the District Judge to appoint as his counsel the same lawyer who represented him at the trial.

■ It is clear that appellant has misconceived the function of a 2255 proceeding. This proceeding may not be used as a substitute for appeal to complain about errors of law occurring at a trial, not involving the violation of constitutional rights, such as the admission or rejection of evidence, weight or sufficiency of evidence or the trial court's instructions to the jury. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982; Davilman v. United States, 180 F.2d 284 (C.A.6); Schumpert v. United States, 226 F.2d 578 (C.A.6); O'Malley v. United States, 285 F.2d 733 (C.A.6). These errors may be reviewed in a direct appeal.

■ We note that appellant, who is a negro, has attempted in his brief filed in this Court, to inject a racial issue in the case, which he did not raise in the District Court. It concerned a remark alleged to have been made by the Assistant United States Attorney to an attorney representing appellant before his plea of not guilty had been entered. The only place the remark appears is in the brief. There is nothing in the record to prove it was made. The victim was a negro woman. The attorney of his own choice who represented him at the trial was white. We think that if there was any substance to this racial issue appellant would have asserted it in the District Court. It is not properly before us.

The judgment is affirmed.