**Kenneth E. MILLER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7307.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 7, 1956.

Decided Dec. 17, 1956.

Kenneth E. Miller, pro se.

Martin A. Ferris, III, Asst. U. S. Atty., Baltimore, Md. (Walter E. Black, Jr., U. S. Atty., Baltimore, Md., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

PER CURIAM.

Appellant was convicted of crime in a Maryland state court and was sentenced to a term of imprisonment. While serving this term, he was charged in the court below with having forged and altered United States Treasury checks and with the theft thereof from mail boxes. Upon a detainer being filed with the Maryland House of Correction wherein he was serving the sentence of the Maryland court, he asked that he be given an early trial in the court below on the federal charge. This was done, and when he was brought into court pursuant to his request, he voluntarily waived counsel and entered a plea of guilty. Sentence was then imposed upon him with direction that it should run concurrently with the state sentence during the period of that sentence. Later he filed in the court below a petition for a writ of habeas corpus attacking his imprisonment under the sentence of the federal court. The District Judge held that habeas corpus would not lie under the circumstances to attack that sentence, but properly treated the application for habeas corpus as a motion under 28 U.S.C. § 2255 to vacate and set aside the sentence. This was denied by the District Judge and appeal was taken to this court from the order of denial. We have carefully examined the record and find no merit whatever in the contentions of appellant. Not only does the record in the court below show the waiver of counsel by appellant, but the reporter's notes of the colloquy between the judge and the appellant show that the rights of the latter were thoroughly inquired into and safeguarded. His complaint that he was not given opportunity for adequate hearing at the time of sentence and that the judge was prejudiced is completely refuted by the stenographic report of what occurred at the time.

Affirmed.